SEDGWICK, DETERT, MORAN & ARNOLD LLP
PAUL J. RIEHLE (SBN 115199) paul.riehle@sdma.com
MATTHEW A. FISCHER (SBN 191451) matthew.fischer@sdma.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

*Attorneys for Defendant Bristol-Myers Squibb Company and on behalf of All Defendants for Purposes of This Notice of Removal*

**ORIGINAL FILED**

SEP 15 2005

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-Filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MMC

| | |
|---|---|
| THE COUNTY OF SANTA CLARA, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRA USA, INC., ASTRAZENECA PHARMACEUTICALS LP, AVENTIS PHARMACEUTICALS INC., BAYER CORPORATION, BRISTOL-MYERS SQUIBB COMPANY, BURROUGHS WELLCOME CO., GLAXO WELLCOME INC., PFIZER INC., SCHERING-PLOUGH CORPORATION, TAP PHARMACEUTICAL PRODUCTS INC., WYETH-AYERST LABORATORIES, INC., ZENECA INC., ZLB BEHRING LLC, and DOES 1 through 100, inclusive.<br><br>Defendants. | CASE NO. C 05 3740<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (DIVERSITY AND FEDERAL QUESTION JURISDICTION)** |

SF/1285457v2

NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO THE CLERK OF THAT COURT:

PLEASE TAKE NOTICE that Defendants, by and through their counsel, hereby remove the above entitled action from the Superior Court of the State of California for the County of Alameda to the United States District Court, Northern District of California based on diversity jurisdiction under 28 U.S.C. §§ 1332(a), (d) and 1441 (a), (b) and federal question jurisdiction under 28 U.S.C. §1441(b), (c).

1. Plaintiff County of Santa Clara ("Plaintiff") filed the putative class action complaint (the "Complaint") in this civil action, Case No. G05228108, in the Superior Court of the State of California for the County of Alameda on August 16, 2005 listing as defendants Astra USA, Inc., AstraZeneca Pharmaceuticals LP, Aventis Pharmaceuticals Inc., Bayer Corporation, Bristol-Myers Squibb Company, Burroughs Wellcome Co., Glaxo Wellcome, Inc., Pfizer Inc., Schering-Plough Corporation, TAP Pharmaceutical Products Inc., Wyeth-Ayerst Laboratories, Inc., Zeneca Inc., and ZLB Behring LLC (collectively "Defendants").[1]

2. True and correct copies of the Complaint, Summons, Service of Process Transmittal, Notice of Complex Determination Hearing and Case Management Conference, Alternative Dispute Resolution Information Package and Civil Case Cover Sheet served on defendant Bristol Myers Squibb Company ("BMS") are attached hereto as Exhibit A. Exhibit A constitutes all process, pleadings or orders served on BMS as of the date of filing this notice of removal.

3. No defendant was served with a copy of the Complaint before August 19, 2005. This notice of removal is timely, having been filed within thirty (30) days of first service of the Complaint and within one year of the date the action was filed originally. 28 U.S.C. § 1446(b).

---

[1] Although Plaintiff has named Wyeth-Ayerst Laboratories, Inc. as a defendant, no such entity exists. Plaintiff also named Burroughs Wellcome Co. and Glaxo Wellcome, Inc. as defendants; however, both of those companies are defunct corporations that no longer exist. SmithKline Beecham Corporation, d/b/a GlaxoSmithKline is the "successor" to those entities, and it has consented to removal.

4.   BMS has been authorized to report that all served Defendants have consented to the removal of this action. Indeed, all Defendants have consented to removal; true and correct copies of the consents by all Defendants except BMS are attached as Exhibit B.

5.   A true and correct copy of this Notice of Removal is being filed concurrently with the Superior Court of California for the County of Alameda and served on all parties of record pursuant to 28 U.S.C. § 1446(d).

## THE COMPLAINT

6.   The Complaint alleges that Plaintiff and other counties and cities were overcharged for particular drugs in contravention of the federal §340B Drug Discount Program ("§340B Program"), which was enacted under the Public Health Service Act of 1992 (42 U.S.C. § 256b). (Ex. A, Compl., ¶ 1.) The §340B Program is overseen by the Health Resources and Services Administration ("HRSA"), which is an agency within the United States Department of Health and Human Services ("HHS"). (Ex. A, Compl., ¶ 29.)

7.   Immediate oversight for the §340B Program resides in HRSA's Office of Pharmacy Affairs, which administers the Pharmaceutical Pricing Agreement ("PPA"), signed by the Secretary of the HHS and the drug manufacturers that participate in the §340B Program. (Ex. A, Compl., ¶ 30.) A true and correct copy of a PPA is attached hereto as Exhibit C. The PPA sets forth the terms and conditions of the manufacturers' participation in and obligations under the §340B Program. (Ex. A, Compl., ¶ 34.) The federal statute and the PPA are the sole source for the requirements concerning pricing the Plaintiff claims the Defendants failed to follow. The PPA entered into by each defendant is a contract with a federal agency that explicitly states that it "shall be construed in accordance with Federal common law." Ex. C, PPA, Section VII(g).

8.   The Complaint alleges that under both the relevant federal statutes and the PPA, a pharmaceutical manufacturer is required to ensure that entities participating in the §340B Program do not pay more for any drug than the §340B ceiling price. (Ex. A, Compl., ¶ 35.) The §340B ceiling price is based on the pharmaceutical manufacturer's Average Manufacturers Price ("AMP"), as defined under the federal Medicaid Drug Rebate Statute, 42 U.S.C. § 1396r-8(k)(1), and the manufacturer's Medicaid rebate amounts based on its "best price" as also defined in the

Medicaid Drug Rebate Statute, 42 U.S.C. § 1396r-8(c)(1)(C). (Ex. A, Compl., ¶ 35.)

9. The Complaint alleges that despite being "required by federal law" to set its drug prices under the §340B Program at or below the §340B ceiling price, each defendant charged inflated prices for particular unspecified drugs under the §340B Program, resulting in Plaintiff paying more for drugs under the §340B Program than it should have paid pursuant to the PPA. (Ex. A, Compl., ¶¶ 75-87.) The Complaint also alleges that the Defendants refused to disclose and/or misreported the ceiling price for particular unspecified drugs, which Plaintiff alleges resulted in it paying significantly more than the §340B ceiling price as required under the relevant federal statutes and the respective PPAs. (Ex. A, Compl., ¶¶ 68-74.)

10. The Complaint alleges that Plaintiff expended more than $31 million in 2005 for purchases of §340B pharmaceuticals and over-the-counter drugs. (Ex. A, Compl., ¶ 3.) Plaintiff also seeks an award of two to three times the amount of damages allegedly sustained by each class member. (Ex. A, Compl., 21:12-13.)

11. The Complaint is removable on both diversity and federal question grounds.

## DIVERSITY JURISDICTION

**Complete Diversity of Parties**

12. 28 U.S.C. § 1332(a) provides in pertinent part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between: (1) citizens of different States [or] . . . (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties . . . .

13. 28 U.S.C. § 1441(a) provides in pertinent part:

any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

14. Plaintiff County of Santa Clara is a citizen of the State of California for purposes of diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717-21, 93 S. Ct. 1785, 1799-1802 (1973), *overruled on other grounds, Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 (1978); *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145,

1148 n.1 (9th Cir. 1998) (County of San Diego is a citizen of California for diversity purposes, citing *Moor*); *see also Boston v. Titan Indem. Co.*, 34 F. Supp. 2d 419, 420 n.3 (D. Miss. 1999).

15. A corporation is a citizen of the state in which it was incorporated and the state in which it locates its principal place of business. 28 U.S.C. § 1332(c)(1). None of the Defendants is a citizen of the State of California. The Defendants and their respective states of citizenship are as follows:

- Astra USA, Inc. is a citizen of New York and Delaware;
- AstraZeneca Pharmaceuticals LP is a citizen of Delaware;
- Aventis Pharmaceuticals Inc. is a citizen of Delaware and New Jersey;
- Bayer Corporation is a citizen of Indiana and Pennsylvania;
- Bristol-Myers Squibb Company is a citizen of Delaware and New York;
- Burroughs Wellcome Co. and Glaxo Wellcome, Inc. (both now defunct) were citizens of North Carolina before they were succeeded by SmithKline Beecham Corporation, d/b/a GlaxoSmithKline, which is a citizen of Pennsylvania;
- Pfizer Inc. is a citizen of Delaware and New York;
- Schering-Plough Corporation is a citizen of New Jersey;
- TAP Pharmaceutical Products Inc. is a citizen of Delaware and Illinois;
- Wyeth-Ayerst Laboratories, Inc.;[2]
- Zeneca Inc. is a citizen of Delaware;
- ZLB Behring LLC is a citizen of Delaware and Pennsylvania.

16. In determining whether a complaint satisfies the $75,000 jurisdictional minimum, the "district court may consider whether it is 'facially apparent' from the complaint that the

---

[2] As discussed in footnote 1, no such entity as "Wyeth-Ayerst Laboratories, Inc." exists or has ever existed. Consequently, Plaintiff's references to Wyeth-Ayerst Laboratories, Inc. in the Complaint should not be considered for diversity jurisdiction, or any other purpose. Plaintiff has attempted to effect service on the non-existent entity named in the Complaint by delivering papers to Wyeth's corporate headquarters. Wyeth disputes that any Wyeth entity has been served properly with the Summons and Complaint in this action. In the unlikely event that Plaintiff's efforts are deemed sufficient, however, for purposes of removal Wyeth is a citizen of Delaware and New Jersey. Wyeth and Wyeth-Ayerst Laboratories, Inc. reserve the right to raise all available defenses stemming from this issue, if necessary, in a separate motion to be filed at the appropriate time. Wyeth also consents to this removal as stated in its Consent to Removal, which is attached as part of Exhibit B to this Notice of Removal.

jurisdictional amount is in controversy." *Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1996), quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995). The removing defendant need only show that it is more likely than not that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

17. Here, Plaintiff alleges that it expended more than $31 million in 2005 for purchases of §340B pharmaceuticals and over-the-counter drugs. (Ex. A, Compl., ¶ 3.) Plaintiff further alleges that entities participating in the §340B Program have overpaid for prescription drugs by approximately $500 million each year, and that Plaintiff and the class are entitled to "[a] significant portion of these monies." (Ex. A, Compl., ¶ 5.) In addition, Plaintiff seeks an award of two to three times the amount of damages allegedly sustained by each class member. (Ex. A, Compl., Prayer for Relief, at 21:12-13.) Plaintiff also seeks all attorneys' fees incurred in the lawsuit. (Ex. A, Compl., Prayer for Relief, at 21:17-18.) The relief prayed for by Plaintiff here, based upon the nature of its claims and the request for attorneys' fees, exceeds $75,000, exclusive of interest and costs.

18. Removal is proper, therefore, because each of the requirements of 28 U.S.C. § 1332(a) is satisfied. There is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a).[3]

**Expanded Diversity Jurisdiction under the Class Action Fairness Act**

19. This putative class action is also removable to this Court pursuant to 28 U.S.C. § 1332(d)(2) and § 1453, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) ("CAFA").

20. CAFA added new subsection (d) to 28 U.S.C. § 1332. Section 1332(d)(2) provides in pertinent part:

---

[3] Removal is appropriate under § 1332(a) regardless of the citizenship and amount in controversy of putative class members. *See Exxon Mobil Corp v. Allapattah Services, Inc.*, ___ U.S. ___, 125 S. Ct. 2611, 2620 (2005) (supplemental jurisdiction exists once 28 U.S.C. § 1332(a) is satisfied with respect to named plaintiff).

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

21. Pursuant to 28 U.S.C. § 1332(d)(2), "the claims of individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." The term "class members" is defined as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D).

22. As discussed in paragraph 17 above, Plaintiff alleges that (i) entities participating in the §340B Program have overpaid for prescription drugs by approximately $500 million each year, (ii) Plaintiff and the class are entitled to "[a] significant portion of these monies," (iii) Plaintiff seeks an award of two to three times the amount of damages allegedly sustained by each class member, and (iv) Plaintiff seeks all attorneys' fees incurred in the lawsuit. Thus, the amount in controversy in aggregate is over $5 million.

23. 28 U.S.C. § 1332(d)(2) does not apply if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

24. The Complaint alleges that the class consists of "All California *cities and counties* who fund participants in the §340B Drug Discount Program . . . ." (Ex. A, Compl., ¶ 62 (emphasis added).) The Complaint further alleges that the class consists of "as many as 58 counties." (Ex. A, Compl., ¶ 63.) There are 478 incorporated cities in California. *See* http://www.cacities.org/index.jsp?displaytype=&section=allabout&zone=locc&sub_sec=allabout _facts (last visited Sep. 6, 2005). Thus, the number of putative class members here is well above 100.

25. Thus, this Court has jurisdiction over this lawsuit under CAFA because the amount in controversy, exclusive of interest and costs, exceeds the sum of $5,000,000 in the aggregate, there are more than 100 putative class members, and, as noted in paragraph 15 above,

none of the defendants is a citizen of the State of California.

## FEDERAL QUESTION JURISDICTION

**Removal Under 28 U.S.C. § 1441(b)**

26. 28 U.S.C. § 1441(b) provides in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

27. The Complaint alleges that each defendant violated the Public Health Service Act of 1992 (42 U.S.C. § 256b) by charging Plaintiff more than the §340B ceiling price on particular drugs purchased through the §340B Program. (Ex. A, Compl., ¶ 77.) The Complaint further alleges that the "ceiling price" is defined under the federal Medicaid Drug Rebate Statute, 42 U.S.C. § 1396r-8(k)(1). (Ex. A, Compl., ¶ 35.) Therefore, although putatively styled as a series of state law claims, Plaintiff's allegation of inflated charges over the ceiling price turns on questions of federal law, including the definition of "ceiling price" under a federal statute. As such, the state law claims "arise under" the laws of the United States and are removable because this Court would have original jurisdiction over those claims. *See* 28 U.S.C. § 1331; *see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, __ U.S. __, 125 S. Ct. 2363 (2005) (holding that state law claims that turn on the interpretation of a federal statute or that implicate federal issues are removable to federal court because the district court "would have original jurisdiction" over those claims under 28 U.S.C. § 1331). Plaintiff admits as much by alleging in the Complaint that "each defendant was required by federal law" to charge at or below the ceiling price for drugs sold through the §340B Program. (Ex. A, Compl., ¶ 76.)

28. In addition, the Complaint presents a federal question because at the center of the dispute is a federal contract -- with an explicit provision saying that it is governed by federal law -- that the Defendants are alleged to have violated. The Complaint alleges that Defendants agreed under the PPA to supply drugs to Plaintiff at prices no greater than the §340B ceiling price, and that Defendants failed and refused to comply with that agreement by charging inflated prices through the §340B Program. The PPA is an agreement between the federal government

1  (the Secretary of HHS) and the drug manufacturers, and therefore is governed by federal law.
2  (Ex. A, Compl., ¶ 30 and Ex. E, PPA.) Indeed, Section VII(g) of the PPA provides: "The
3  Agreement shall be construed in accordance with Federal common law, and ambiguities shall be
4  interpreted in the manner which best effectuates the statutory scheme." (Ex. C, PPA)

5      29.   Plaintiff's claims "arise under" federal law because they turn on whether the
6  Defendants violated a contract with the federal government that governs programs in which the
7  federal government has a substantial interest, and that contract is explicitly governed by federal
8  common law. *See Boyle v. United Tech. Corp.*, 487 U.S. 500, 504, 108 S. Ct. 2510, 2514 (1988)
9  ("[O]bligations to and rights of the United States under its contracts are governed exclusively by
10 federal law."); *see also State of Montana v. Abbot Laboratories, et al.*, 266 F. Supp. 2d 250, 258-
11 60 (D. Mass 2003) (order of district court judge denying plaintiff State of Montana's motion to
12 remand and holding that state law tort claims requiring interpretation of "best price" requirement
13 contained in Medicaid-rebate agreements between defendant pharmaceutical manufacturers and
14 the federal government -- which are substantively similar to the PPA at issue here -- create
15 federal question jurisdiction). A true and correct copy of the June 11, 2003 Memorandum and
16 Order is attached hereto as Exhibit D. In *New SD, Inc. v. Rockwell Intl. Corp.*, 79 F.3d 953 (9th
17 Cir. 1996), the court held that a breach of contract claim founded upon a contract governed by
18 federal common law presents a "question aris[ing] under federal law, and federal question
19 jurisdiction exists." *Id.* at 955. Here, the Complaint essentially alleges a claim for breach of the
20 PPA: "Defendants agreed to supply drugs to plaintiffs at prices no greater than the §340B ceiling
21 price. Defendants failed and refused to comply with that agreement . . . ." (Ex. A, Compl., ¶ 85)
22 Thus, Plaintiff's claims "aris[e] under the . . . laws . . . of the United States," 28 U.S.C. § 1331,
23 because they arise from an agreement to which the federal government is a party, contain a
24 federal choice of law provision, and implicate substantial federal interests.

25      30.   The claims in the Complaint that Defendants charged inflated prices for drugs
26 through the §340B Program will require, *inter alia*, the interpretation of complex issues and
27 provisions under the federal Medicaid Drug Rebate Statute and the Public Health Service Act of
28 1992. Supporting the presence of a federal question, the Complaint acknowledges that there is

1. federal litigation currently pending involving the same claim that drug manufacturers violated the §340B Program by charging prices that exceeded the ceiling prices permitted under the §340B Program and the PPA. (Ex. A, Compl., ¶ 55.) That case is entitled *Central Alabama Comprehensive Healthcare, Inc. v. Aventis Pharmaceutical, Inc.*, Case No. 3:04-cv-00673-MHT-VPM (M.D. Ala.) and is currently pending in the United States District Court for the Middle District of Alabama. The *Central Alabama* complaint (which was filed by co-counsel for Plaintiff in this case) purports to assert only state law claims and relies on 28 U.S.C. § 1331 as the predicate for district court jurisdiction because the action "arises out of a violation of Section 340B of the Public Health Service Act, 42 U.S.C. § 256b, and performance under the PPA between the Secretary of the United States Department of Health and Human Services and defendants, and raises issues of federal common law." *Central Alabama* Amended Complaint, ¶ 7. A true and correct copy of the *Central Alabama* Amended Complaint is attached hereto as Exhibit E.

**Removal Under 28 U.S.C. § 1441(c)**

31. 28 U.S.C. § 1441(c) provides as follows:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Furthermore, the Court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

32. Since Plaintiff's claims arise under federal law, this Court may exercise jurisdiction over Plaintiff's non-federal claims. Consequently, this case is removable to this Court.

WHEREFORE, Defendants hereby request that this action now pending in the Superior Court of the State of California for the County of Alameda be removed to the United States District Court for the Northern District of California.

WHEREFORE, this action should be assigned to the San Francisco/Oakland Division of the United States District Court, Northern District of California, as this action was filed in

Alameda County and pursuant to 28 U.S.C. § 1441(a), removal is to the "district and division embracing the place where such action is pending."

DATED: September 15, 2005     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Paul J. Riehle

*Attorneys for Defendant Bristol-Myers Squibb Company and on behalf of All Defendants for Purposes of This Notice of Removal*