1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                      SAN FRANCISCO DIVISION

19

| | |
|---|---|
| THE COUNTY OF SANTA CLARA, On Behalf of Itself and All Others Similarly Situated, | Case No. C-05-03740-WHA |
| Plaintiff, | CLASS ACTION |
| v. | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| ASTRA USA, INC., et al. | |
| Defendants. | |

26
27
28

SFI-541137v1

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and

2    agreed, by and between the parties, through their respective counsel, as follows:

3    IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:

4    1.    The terms and conditions of this Order shall govern initial disclosures, the

5    production and handling of documents, answers to interrogatories, responses to requests for

6    admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules

7    of Civil Procedure, and all other information exchanged by the parties or by any third party in

8    response to discovery requests or subpoenas.

9    2.    The designation "CONFIDENTIAL" shall be limited to information that any party,

10   including any third party, in good faith, believes to contain (a) proprietary or commercially

11   sensitive information; (b) personal financial information; or (c) information that should otherwise

12   be subject to confidential treatment under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

13   3.    Information designated "CONFIDENTIAL" may be disclosed only to the

14   following persons:

15   (a)    in-house counsel of a named party or, for a party that does not have in-house

16   counsel, one officer or employee of that party who is responsible for this litigation for that party

17   and who has executed a Certification attached hereto as Exhibit A;

18   (b)    outside counsel representing a named party in this litigation, including all

19   paralegal assistants, and stenographic and clerical employees working under the supervision of

20   such counsel;

21   (c)    court reporters, interpreters, translators, copy services, graphic support services,

22   document imaging services, and database/coding services retained by counsel, provided these

23   individuals or an appropriate company official with authority to do so on behalf of the company

24   executes a Certification attached hereto as Exhibit A;

25   (d)    an expert or consultant who (i) is retained by any attorney described in Paragraphs

26   3(a) and (b) to assist with this litigation, (ii) is not a current employee of a party or subsidiary or

27   affiliate of a party, and (iii) such expert or consultant executes a Certification attached hereto  as

28   Exhibit A;

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

2

(e)      a person who prepared, received, or reviewed the "CONFIDENTIAL" information prior to its production in this litigation;

(f)      during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g)      any private mediators utilized in this litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(h)      the Court, and any Special Masters and/or Mediators appointed by the Court under seal.

4.      The designation "HIGHLY CONFIDENTIAL" or "ATTORNEY EYES ONLY" (collectively referred to herein as "HIGHLY CONFIDENTIAL") shall be limited to information that any designating party, including third parties, in good faith, believes to contain (a) current and past (to the extent they reflect on current) methods, procedures, and processes relating to the pricing of pharmaceuticals; (b) current and past (to the extent they reflect on current) marketing plans and methods; (c) current and past (to the extent they reflect on current) business planning and financial information; (d) trade secrets; (e) past or current company personnel or employee information; and (f) other "CONFIDENTIAL" information (as defined in Paragraph 2) the disclosure of which is likely to cause competitive or commercial injury to the designating party.

5.      Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to the following persons:

(a)      (i) in-house counsel of a named party who have executed a Certification attached hereto as Exhibit B may have access to all "HIGHLY CONFIDENTIAL" information; or (ii) in-house counsel of a named party who cannot satisfy the requirements of Exhibit B may have access only to "HIGHLY CONFIDENTIAL" information that identifies the company, employees, or drugs of the named party of the in-house counsel;

(b)     outside counsel representing a named party in this litigation, including all paralegal assistants, and stenographic and clerical employees working under the supervision of such counsel;

(c)     court reporters, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel, provided these individuals or an appropriate company official with authority to do so on behalf of the company executes a Certification attached hereto as Exhibit A;

(d)     an expert or consultant who (i) is retained by any attorney described in Paragraphs 5(a) and (b) to assist with this litigation, (ii) is not a current employee of a party or subsidiary or affiliate of a party; and (iii) such expert or consultant executes a Certification attached hereto as Exhibit A;

(e)     a person who prepared, received, or reviewed the "HIGHLY CONFIDENTIAL" information prior to its production in this litigation;

(f)     during depositions and preparation for depositions, a deposition witness who is a current employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "HIGHLY CONFIDENTIAL" or the specific events, transactions, discussions, or date reflected in the document, provided such witness executes a Certification attached hereto as Exhibit A;

(g)     any private mediators utilized in this litigation, provided such person executes a Certification attached hereto as Exhibit A; and

(h)     the Court, and any Special Masters and/or Mediators appointed by the Court, under seal.

6.     This Order does not apply to any information or documents:

(a)     already in the possession of a receiving party and not subject to any obligation of confidentiality; and

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

(b)     acquired by a receiving party from a third party without being designated confidential or similar material unless the third party received the information or documents subject to any form of confidentiality protection.

7.     All information produced or exchanged in the course of this litigation, whether or not designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the terms of this Order, shall be used or disclosed solely for the purpose of this litigation and, if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," only in accordance with the provisions of this Order.  Documents and/or information produced or exchanged in the course of this litigation shall not be used for any business purpose, or in any other litigation or other proceeding, or for any other purpose, except by Court Order or as otherwise required by law.

8.     Any person or party receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information that receives a request or subpoena for production or disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall promptly give notice by facsimile to the designating party identifying the information sought and enclosing a copy of the subpoena or request.  Provided that the designating party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the designating party or until ordered by a court of competent jurisdiction.

9.     Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information the terms of this Order, as well as the obligation to comply with those terms.  Persons receiving "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information are prohibited from disclosing it to any person except in conformance with this Order.  The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Order.  The parties agree, and agree to inform each person to whom they disclose or give access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, that

1    damages for violation of this Order are not an adequate remedy and that the appropriate remedy is

2    injunctive relief.   Counsel agrees to maintain a file of all Certifications (Exhibits A and B)

3    required by this Order.

4         10.    The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

5    information shall maintain such information in a secure and safe area and shall exercise the same

6    standard of due and proper care with respect to the storage, custody, use and/or dissemination of

7    such information as is exercised by the recipient with respect to his or her own confidential or

8    proprietary information.

9         11.    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may include or

10   be included in any document, physical object, tangible thing, transcript or oral testimony or

11   recorded statement of counsel, such as by way of example and not limitation, transcripts, answers

12   to interrogatories and other responses to discovery requests, pleadings, briefs, summaries, notes,

13   abstracts, motions, drawings, illustrations, diagrams, blueprints, journal entries, logbooks,

14   compositions, devices, test reports, programs, code, commands, electronic media, databases, and

15   any other records and reports which comprise, embody or summarize information about the

16   producing party's business, products, practices and/or procedures.

17        12.    In designating information "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL,"

18   the designating or testifying party or person, including third parties, will make such designation

19   only as to that information that it in good faith believes is "CONFIDENTIAL" or "HIGHLY

20   CONFIDENTIAL."  All or any part of a document, tangible item, discovery response or pleading

21   disclosed, produced, or filed by any party or person in this litigation may be designated

22   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the designating or disclosing party or

23   person by marking the appropriate legend on the face of the document and each page so

24   designated.  With respect to tangible items, the appropriate legend shall be marked on the face of

25   the tangible item, if practicable, or by delivering at the time of disclosure, production or filing to

26   the party to which disclosure is made, written notice that such tangible item is

27   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

28

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

13.     The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in this litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition.  If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette or other videotape or CD-ROM container shall be labeled with the appropriate legend.  Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent, his/her counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The deponent, his/her counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information and serve the same on opposing counsel.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "HIGHLY CONFIDENTIAL" information.  If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

(a)     A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.  In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief sought can be in the form of a telephone conference to be scheduled at the Courts' earliest convenience with the objective of obtaining an immediate resolution of the dispute.

14.     Any documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, shall be handled in accordance with Local Rule 79-5.

15.     Any party that reasonably believes it will reveal a document containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, or discuss the contents thereof, in any proceeding before the Court or representative of the Court, shall so inform the Court or its representative and the designating party at least two (2) business days in advance of actual disclosure.  At the request of a designating party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.  The designating party must designate the transcripts of such proceedings as confidential within thirty (30) days of receipt.

16.     Nothing in this Order shall be construed in any way as a finding that information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" actually is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  Any party may object, in writing, to the designation by another party by specifying the information in issue and its grounds for questioning the designation.  A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge.  In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the designating party, the parties shall try first to dispose of such dispute in good faith on an informal basis.  If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, the party challenging the designation may file a motion to compel within twenty-one (21) days after the parties' informal attempts at resolution have concluded.  The information, documents or materials shall continue to receive the protection of their designation until the Court rules on the motion.  The party that designated the information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have the burden of demonstrating the propriety of its designation.

17.     Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this litigation.  This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular information is or is not discoverable or admissible.

18.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, provided that actual disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is only done in accordance with the terms of this Order.

19.     The inadvertent or mistaken disclosure by a party of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall not constitute a waiver of any claim of confidentiality except where: (a) the disclosing party notifies a receiving party in writing of such inadvertent or mistaken disclosure within ten (10) business days of becoming aware of such disclosure, and (b) within thirty (30) days of such notice, the disclosing party fails to provide properly redesignated documents to the receiving party.  During the thirty (30) day period after notice, the materials shall be treated as designated in the disclosing party's notice.  Upon receipt of properly redesignated documents, the receiving party shall return all unmarked or incorrectly designated documents and other materials to the disclosing party within five (5) business days. The receiving party shall not retain copies thereof and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the disclosing party's notice.

20.     Should any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information be disclosed, through inadvertence or otherwise, by a receiving party to any person or party not authorized under this Order, then the receiving party must immediately: (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to obtain the return of all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information; (c) inform the person or persons to whom the unauthorized disclosures were made of the terms of this Order; and (d) request such person or party to sign the Certification attached hereto as Exhibit A or B.  The executed Certification shall be served upon counsel for the designating party within seven (7) business days of its execution by the party to whom the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information was inadvertently disclosed.  Nothing in this Paragraph is intended to limit the remedies that the designating party may pursue for breach of this Order.

21.     A person or entity who is not a party in this litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record.  Thereafter, such person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents or things that such person or entity has produced or provided in this action.

22.     This Order shall survive the termination of this litigation and transferred actions, if any, and shall continue in full force and effect thereafter.

23.     After final termination of this action, the outside counsel for a named party may each retain one copy of deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court.  Nothing herein shall require the return or destruction of attorney work product.  Such material shall continue to be treated as designated under this Order.  Within sixty (60) days after final termination of this litigation, at the request of the designating party, counsel for the receiving party either shall (a) return all additional "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in his/her possession, custody or control or in the custody of any authorized agents, outside experts and consultants retained or utilized by counsel for the receiving party to counsel for the party who has provided such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information in discovery or (b) certify destruction thereof to the designating party's counsel.  As to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information reflected in computer databases or backup tapes or any other electronic form, the receiving party shall erase all such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

24.     At the request of a named designating party, a party who submitted to the Court documents placed under seal during this litigation that contained "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information of a named designating party shall cooperate fully with the named designating party to obtain an order continuing the seal for more than ten (10) years pursuant to Civil Local Rule 79-5(f), if requested by the named designating party within thirty (30) days after final termination of this litigation.

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

1       25.    If information subject to a claim of attorney-client privilege or work product

2   immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or

3   otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product

4   immunity for such information. If a party has inadvertently or mistakenly produced information

5   subject to a claim of immunity or privilege, upon written request made by the disclosing party

6   within twenty-one (21) days of discovery of such inadvertent or mistaken production, the

7   information for which a claim of inadvertent production is made, including all copies, shall be

8   returned within seven (7) business days of such request unless the receiving party intends to

9   challenge the disclosing party's assertion of privilege or immunity. All copies of inadvertently or

10   mistakenly produced documents shall be destroyed, and any document or material information

11   reflecting the contents of the inadvertently produced information shall be expunged. If a

12   receiving party objects to the return of such information within the seven (7) business day period

13   described above, the disclosing party may move the Court for an order compelling the return of

14   such information. Pending the Court's ruling, a receiving party may retain the inadvertently or

15   mistakenly produced documents in a sealed envelope and shall not make any use of such

16   information.

17       26.    Nothing in this Order shall prevent any party from applying to the Court for relief

18   there from, or from applying to the Court for further or additional protective orders or

19   modification of this Order.

20   Date: April__, 2006
    May 1

LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
JEFFREY W. LAWRENCE
JACQUELINE E. MOTTEK
AELISH M. BAIG
JENNIE LEE ANDERSON

*Jacqueline Mottek*

JACQUELINE E. MOTTEK
100 Pine Street, Suite 2600
San Francisco, CA 94111
Tel: (415) 288-4545 / Fax: (415) 288-4534

STIPULATION AND PROTECTIVE ORDER
11    C-05-03740 WHA

SFI-541137v1

1    DATED: April ___, 2006                 OFFICE OF SANTA CLARA COUNTY COUNSEL
                                            ANN MILLER RAVEL
2                                           CHERYL A. STEVENS
                                            70 W. Heading Street
3                                           9th Floor East Wing
                                            San Jose, CA  95110
4                                           Tel:  (408) 299-5900 / Fax: (408) 292-7240

5                                           Attorneys for Plaintiff
                                            THE COUNTY OF SANTA CLARA
6
7    DATED: April 28, 2006                  ARNOLD & PORTER, LLP
                                            SHARON DOUGLASS MAYO
8
9                                           SHARON DOUGLASS MAYO
10                                          90 New Montgomery Street, Suite 600
                                            San Francisco, CA  94105
11                                          Tel: (415) 356-3000 / Fax: (415) 356-3099

12                                          Attorneys for Defendants
                                            ASTRA USA, INC.; ZENECA INC; ASTRAZENECA
13                                          PHARMACEUTICALS LP

14   DATED:  April 28, 2006                 SHOOK, HARDY & BACON LLP
                                            ALICIA J. DONAHUE
15                                          SARA ROMANO

16
17                                          ALICIA J. DONAHUE
                                            333 Bush Street, Suite 600
18                                          San  Francisco, CA  94104-2828
                                            Tel:  (415) 544-1900 / Fax: (415) 391-0281
19
                                            Attorneys for Defendants
20                                          AVENTIS PHARMACEUTICALS INC.;
                                            ZLB BEHRING LLC
21
22   DATED: April 29, 2006                  SIDLEY AUSTIN BROWN & WOOD LLP
                                            TIMOTHY T. SCOTT
23                                          PAUL YANOSY

24
25                                          TIMOTHY T. SCOTT
                                            555 California Street, Suite 2000
26                                          San Francisco, CA  94104-1715
                                            Tel:  (415) 772-1200 / Fax: (415) 772-7400
27
                                            Attorneys for Defendant
28                                          BAYER CORPORATION

SFI-541137v1

1    DATED: April 28, 2006                DECHERT LLP
2                                         FREDERICK G. HEROLD
                                          VALERIE M. WAGNER
3                                         PHILIP BARILOVITS

4                                         _____
                                          FREDERICK G. HEROLD
5                                         1117 California Avenue
                                          Palo Alto, CA  94304
6                                         Tel:  (650) 813-4800 / Fax: (650) 813-4848

7                                         Attorneys for SMITHKLINE BEECHAM
                                          CORPORATION, successor in interest to named but
8                                         defunct Defendants BURROUGHS WELLCOME CO.
                                          and GLAXO WELLCOME, INC.
9

10   DATED: April ___, 2006               SEDGWICK, DETERT, MORAN & ARNOLD LLP
                                          PAUL J. RIEHLE
11                                        MATTHEW A. FISCHER

12                                        _____
13                                        PAUL J. RIEHLE
                                          One Market Plaza
14                                        Steuart Tower, 8th Floor
                                          San Francisco, CA  94105
15                                        Tel:  (415) 781-7900 / Fax: (415) 781-2635

16                                        Attorneys for Defendant
                                          BRISTOL-MYERS SQUIBB COMPANY
17

18   DATED: April ___, 2006               MORGAN, LEWIS & BOCKIUS LLP
                                          MOLLY M. LANE
19                                        TERA HEINTZ

20                                        _____
                                          MOLLY M. LANE
21                                        One Market, Spear Street Tower
                                          San Francisco, CA  94105-1126
22                                        Tel:  (415) 442-1000 / Fax: (415) 442-1001

23                                        Attorneys for Defendant
                                          PFIZER INC.
24

25

26

27

28

SFI-541137v1

1  DATED: April 2̶5̶ 2006

2

PILLSBURY WINTHROP SHAW PITTMAN LLP
KIRKE M. HASSON
COLIN T. KEMP

3

4  KIRKE M. HASSON
50 Fremont Street
5  San Francisco, CA  94105-2228
Tel: (415) 983-1000 / Fax: (415) 983-1200

6

7  Attorneys for Defendant
SCHERING-PLOUGH CORPORATION

8  DATED: April 2̶5̶, 2006

9

JONES DAY
PETER N. LARSON

10

11  PETER N. LARSON
555 California Street, 26th Floor
12  San Francisco, CA  94104
Tel: (415) 626-3939 / Fax: (415) 875-5700

13

14  Attorneys for Defendant
TAP PHARMACEUTICAL PRODUCTS INC.

15  DATED: April 2̶5̶, 2006

16

GORDON & REES LLP
FLETCHER C. ALFORD

17

18  FLETCHER C. ALFORD
275 Battery Street, Suite 2000
19  San Francisco, CA  94111
Tel: (415) 986-5900 / Fax: (415) 986-8054

20  Attorneys for Defendants
WYETH, INC. and
21  WYETH PHARMACEUTICALS, INC.

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA
14

SFI-541137v1

1                                                 **O R D E R**

2

3

4   PURSUANT TO STIPULATION IT IS SO ORDERED.

5

6   DATED: _____May 8, 2006_____



7                             THE HONORABLE WILLIAM ALSUP
                            UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

1

### <u>CERTIFICATION - EXHIBIT A</u>

2       I hereby certify that I have read the attached Protective Order in

3   _____, Civil Action No. _____,

4   dated _____, 2006 (the "Order"), and I agree that I will not reveal

5   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to, or discuss such with, any

6   person who is not entitled to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

7   information in accordance with the Order, I will use "CONFIDENTIAL" or "HIGHLY

8   CONFIDENTIAL" information only for the purpose of facilitating the prosecution of defense of

9   the action and not for any business or other purpose.  I will otherwise keep all

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information confidential in accordance

11  with this Order.  I agree that the United States District Court for the District of California has

12  jurisdiction to enforce the terms of this Order, and I consent to jurisdiction of that Court over my

13  person for that purpose.  I will otherwise be bound by the strictures of the Order.

14  Dated: _____        _____

15                                                  _____

16                                                  [Printed Name]

17                                                  _____

18                                                  [Company]

                                                    [Address]

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

1

## IN-HOUSE COUNSEL CERTIFICATION - EXHIBIT B

2          I hereby certify that I have read the attached Protective Order in

3    _____, dated _____, 2006, (the "Order"), and I agree

4    that I will not reveal "HIGHLY CONFIDENTIAL" information to, or discuss such with, any

5    person who is not entitled to receive "HIGHLY CONFIDENTIAL" information in accordance

6    with the Order, I will use "HIGHLY CONFIDENTIAL" information only for the purpose of

7    facilitating the prosecution or defense of the action and not for any business or other purpose.  I

8    will otherwise keep all "HIGHLY CONFIDENTIAL" information confidential in accordance

9    with this Order.

10         "I agree that I will only review "HIGHLY CONFIDENTIAL" information in the offices of

11   outside counsel or other location designated by outside counsel, except as otherwise may be

12   agreed as between the defendants with respect to their respective "HIGHLY CONFIDENTIAL"

13   information.  I will not remove such information from outside counsel's office or other location

14   designated by outside counsel, nor make copies of or maintain any "HIGHLY CONFIDENTIAL"

15   information at the offices at which I work, except as otherwise may be agreed as between the

16   defendants with respect to their respective "HIGHLY CONFIDENTIAL" information.

17         My professional relationship with the party I represent and its personnel is strictly one of

18   legal counsel.  Although I may attend meetings where others discuss competitive decision-

19   making, I am not involved in competitive decision-making (as discussed in *U.S. Steel Corp. v.*

20   *United States,* 730 F.3d 1465 (Fed. Cir. 1984) and *Matsushita Elec. Indus. Co. v. United States,*

21   929 F.2d 1577 (Fed. Cir. 1991), for or on behalf of the party I represent or any other party that

22   might gain a competitive advantage from access to the material disclosed under the Order.  Other

23   than legal advice, I do not provide advice or participate in any decisions of such parties in

24   matters involving similar or corresponding information about a competitor.  This means that I do

25   not, other than providing legal advice, for example, provide advice concerning decisions about,

26   pricing, marketing or advertising strategies, product research and development, product design or

27   competitive structuring and compositions of bids, offers, or proposals, with respect to which the

28   use of "HIGHLY CONFIDENTIAL" information could provide a competitive advantage.

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

1        I have attached a detailed narrative providing the following information: (a) my position

2   and responsibilities as in-house counsel; and (b) the person(s) to whom I report, and their

3   position(s) and responsibilities.

4        I further agree that the United States District Court for the District of California has

5   jurisdiction to enforce the terms of this Order, and I consent to jurisdiction of that Court over my

6   person for that purpose.  I will otherwise be bound by the strictures of the Order.

7   Dated: _____          _____

8                                                               _____

9                                                               [Printed Name]

10                                                              _____

11                                                              [Address]

Lines 9-10: [Company]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER
C-05-03740 WHA

SFI-541137v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 1, 2006, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the e-mail addresses

denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the

foregoing document or paper via the United States Postal Service to the non-CM/ECF participants

indicated on the attached Manual Notice List.

/s/ Jacqueline E. Mottek
JACQUELINE E. MOTTEK

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)
E-mail: JacquiM@lerachlaw.com

Case 3:05-cv-03740-WHA   Document 195   Filed 05/08/06   Page 20 of 22

# Mailing Information for a Case 3:05-cv-03740-WHA

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Fletcher C. Alford**
  falford@gordonrees.com

- **Jennie Lee Anderson**
  jenniea@lerachlaw.com

- **Aelish M. Baig**
  AelishB@lerachlaw.com KiyokoF@lerachlaw.com

- **Philip Barilovits**
  philip.barilovits@dechert.com karen.whidbee@dechert.com

- **Patrick J. Coughlin**
  patc@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Kelly Jeanne Davidson**
  kjdavidson@ober.com

- **Halimah Dorelle DeLaine**
  halimah.delaine@dechert.com lilli.mcbride@dechert.com

- **Alicia J. Donahue**
  adonahue@shb.com
  egonsalves@shb.com,amoresco@shb.com,hstockwell@shb.com,scastillo@shb.com,bknight@shb.com

- **Geoffrey M. Ezgar**
  gezgar@sidley.com osantos@sidley.com;grodriguez@sidley.com

- **Matthew A. Fischer**
  matthew.fischer@sdma.com rosanna.garfias@sdma.com;sdmacalendaring@sdma.com

- **Steven H. Frankel**
  sfrankel@sonnenschein.com ddonner@sonnenschein.com,#docket.sf@sonnenschein.com

- **Jeffrey Lawrence Handwerker**
  jeffrey_handwerker@aporter.com

- **Kirke M. Hasson**
  kirke.hasson@pillsburylaw.com cheryl.grant@pillsburylaw.com

- **Frederick George Herold**
  Frederick.Herold@Dechert.com

- **Stephen Craig Holden**
  scholden@ober.com

- **Peter K. Huston**
  Peter.Huston@lw.com

- **Jaime L.M. Jones**
  jaime.jones@sidley.com krockwell@sidley.com

- **Jennifer B. Jordan**
  jjordan@morganlewis.com berobinson@morganlewis.com

- **Colin T. Kemp**
  colin.kemp@pillsburylaw.com
  mark.troup@pillsburylaw.com;cheryl.grant@pillsburylaw.com;catherine.schmitz@pillsburylaw.com

- **Rosalie Euna Kim**
  ekim@reedsmith.com

- **Molly Moriarty Lane**
  mlane@morganlewis.com

- **Peter Nels Larson**
  pnlarson@jonesday.com aius@jonesday.com

- **Jeffrey W. Lawrence**
  jeffreyl@lerachlaw.com e_file_sd@lerachlaw.com;e_file_sf@lerachlaw.com

- **Robert S. Litt**
  robert_litt@aporter.com

- **Sharon Douglass Mayo**
  sharon_mayo@aporter.com

- **Michael Francis McCabe**
  mmccabe@reedsmith.com kbarnacle@reedsmith.com

- **Jacqueline E. Mottek**
  JacquiM@lerachlaw.com

- **Brien T. O'Connor**
  boconnor@ropesgray.com cfiore@ropesgray.com

- **Richard Raskin**
  rraskin@sidley.com krockwell@sidley.com

- **Paul Jeffrey Riehle, Esq**
  paul.riehle@sdma.com,phyllis.flynn@sdma.com,matthew.fischer@sdma.com,paul.tokarz@sdma.com,SDMACal
  lmtretter@hhlaw.com,smedwards@hhlaw.com

- **Paul Jeffrey Riehle, Esq**
  paul.riehle@sdma.com lmtretter@hhlaw.com,smedwards@hhlaw.com

- **Sara J. Romano**
  sromano@shb.com
  amoresco@shb.com,hstockwell@shb.com,scastillo@shb.com,bknight@shb.com;;dgwaltney@shb.com;;mreyes@

- **Kelly J. Savage, NA**
  ksavage@gordonrees.com mdeang@gordonrees.com

- **Timothy T. Scott**

tscott@sidley.com ldonohue@sidley.com

- **Brian W. Shaffer**
  bshaffer@morganlewis.com mmackason@morganlewis.com

- **Cheryl A. Stevens**
  cheryl.stevens@cco.sccgov.org

- **Valerie M. Wagner**
  valerie.wagner@dechert.com

- **Margo Weinstein**
  mweinstein@sonnenschein.com NDIL_ECF@sonnenschein.com

- **Justin J. Wolosz**
  justin.wolosz@ropesgray.com

- **James M. Wood**
  jmwood@reedsmith.com tbrennan@reedsmith.com

- **Paul Lionel Yanosy, Jr**
  pyanosy@sidley.com mclemens@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steven M. Edwards
Hogan & Hartson, L.L.P.
875 Third Ave.
Suite 2600
New York, NY 10012

Douglas C. McDermott
Hagens Berman Sobol Shapiro
1301 Fifth Avenue
Suite 2900
Seattle, WA 98101

Ann Miller Ravel
Office of the County Counsel
70 West Hedding Street, 9th Floor East Wing
San Jose, CA 95110-1770

Lyndon M. Tretter
Hogan & Hartson, L.L.P.
875 Third Avenue
Suite 2600
New York, NY 10012
```