1  PILLSBURY WINTHROP SHAW PITTMAN LLP
   KIRKE M. HASSON (SBN 61446)
2  kirke.hasson@pillsburylaw.com
   COLIN T. KEMP (SBN 215408)
3  colin.kemp@pillsburylaw.com
   50 Fremont Street
4  Post Office Box 7880
   San Francisco, CA  94120-7880
5  Telephone: (415) 983-1000
   Facsimile: (415) 983-1200
6
   Attorneys for Defendant
7  SCHERING-PLOUGH CORPORATION

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12  _____

13  THE COUNTY OF SANTA CLARA, On          )   Case No. C 05-03740 WHA
    Behalf of Itself and All Others Similarly )
14  Situated,                              )   Complaint Filed: December 23, 2008
                                           )
15                 Plaintiffs,             )   DEFENDANT SCHERING-PLOUGH
                                           )   CORPORATION'S ANSWER TO
16         v.                              )   THIRD AMENDED COMPLAINT
                                           )   FOR BREACH OF CONTRACT
17  ASTRA USA, INC., et al.,               )
                                           )
18                 Defendants.             )   Trial Date:  February 23, 2010
    _____        )

19

20         Defendant Schering-Plough Corporation ("Schering-Plough"), by its undersigned

21  attorneys, answers the Third Amended Complaint For Breach of Contract (the

22  "Complaint") herein as follows.

23                      **FIRST DEFENSE**

24                       **Introduction**

25         To the extent the Complaint's allegations refer to the knowledge, conduct or actions

26  of other persons or entities, Schering-Plough is generally without knowledge or information

27  sufficient to form a belief as to the truth of those allegations.  Schering-Plough states that it

28

1    is answering Plaintiffs' allegations solely on behalf of itself, even when Plaintiffs'

2    allegations refer to alleged conduct by other persons or entities.

3        The Complaint also contains purported quotations from a number of sources.  In

4    answering allegations consisting of quotations, Schering-Plough's failure to deny that the

5    material quoted was contained in a document or was uttered by the person or entity quoted

6    or Schering-Plough's reference to the full document shall not constitute an admission that

7    the substantive content of the quote or document is or is not true or that the material is

8    relevant or admissible in this action.

9        Schering-Plough denies each and every allegation contained in the Complaint,

10   except as specifically herein admitted, and any factual averment admitted herein is admitted

11   only as to the specific facts and not as to any conclusions, characterizations, implications,

12   innuendos or speculation contained in any averment or in the Complaint as a whole.

13   Moreover, for ease of reference, Schering-Plough has included in this Answer the captions

14   used in the Complaint, but it specifically denies any allegations contained in, or inferences

15   that could be drawn from, those captions.

16       These comments and objections are incorporated, to the extent appropriate, into

17   each numbered paragraph of this Answer.

18                          **Specific Responses**

19                        **PRELIMINARY STATEMENT**

20       1.      Schering-Plough admits that it entered into a Pharmaceutical Pricing

21   Agreement ("PPA") with the United States Secretary of Health and Human Services

22   ("HHS") as part of the what is commonly referred to as the "§340B Drug Discount

23   Program" or "340B Program" governed by the Public Health Service Act of 1992 (the

24   "PHS Act") and respectfully refer to the PPA, the PHS Act and the regulations issued

25   pursuant thereto for the full terms thereof.  Schering-Plough denies that this action meets

26   the requirements of a class action, that Plaintiffs would adequately represent the putative

27   class described, that Plaintiffs have any legal or factual basis upon which to bring this

28   action, and that Schering-Plough overcharged for drugs and pharmaceutical products under

1    the §340B Program as alleged in the last sentence of Paragraph 1 of the Complaint.

2    Schering-Plough further states that the balance of Paragraph 1 of the Complaint consists of

3    conclusions of law as to which no answer is required.  To the extent an answer is required,

4    Schering-Plough denies those allegations.

5        2.      Schering-Plough admits that in 1992, through enactment of the PHS Act, 42

6    U.S.C. § 256b, Congress established the §340B Program as a condition of participation in

7    Medicaid.  Schering-Plough states that it is without knowledge or information sufficient to

8    form a belief as to the truth of allegations contained in the last sentence of Paragraph 2 of

9    the Complaint.  Schering-Plough further states that the balance of Paragraph 2 of the

10   Complaint consists of conclusions of law as to which no answer is required.  To the extent

11   an answer is required, Schering-Plough respectfully refers to the PHS Act and the Medicaid

12   statute for the alleged requirements imposed on pharmaceutical manufacturers and for the

13   types of entities entitled to participate in the §340B Drug Discount Program ("§340B

14   Participants").

15       3.      Schering-Plough is without knowledge or information sufficient to form a

16   belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

17       4.      Schering-Plough admits that the Office of the Inspector General ("OIG") of

18   the HHS issued a report in March 2003 entitled "Pharmaceutical Manufacturers

19   Overcharged 340B-Covered Entities" (the "2003 Report"), attached to the Complaint at

20   Exhibit E and states that the 2003 Report speaks for itself.  Schering-Plough is without

21   knowledge or information sufficient to form a belief as to the truth of the allegations that

22   the Office of Inspector General is "the premier healthcare finance investigatory agency in

23   the country," and denies all other allegations contained in Paragraph 4 of the Complaint.

24       5.      Schering-Plough admits that the OIG issued a report in June 2004 entitled

25   "Appropriateness of 340B Drug Prices" (the "2004 Report") and states that the Report

26   speaks for itself.  Schering-Plough further states that the OIG later withdrew the 2004

27   Report and, on this basis, Schering-Plough denies the conclusions attributed by Paragraph 5

28

1    of the Complaint to the 2004 Report.  Schering-Plough denies all other allegations

2    contained in Paragraph 5 of the Complaint.

3          6.          Schering-Plough admits that federal law does not permit §340B Participants

4    access to certain prescription drug pricing data used to calculate ceiling prices, but except

5    as so admitted denies the allegations contained in Paragraph 6 of the Complaint.

6          7.          Schering-Plough denies each and every allegation contained in Paragraph 7

7    of the Complaint that pertains to Schering-Plough except, to the extent the allegations in

8    Paragraph 7 of the Complaint refer to the knowledge, conduct or actions of persons, entities

9    or defendants other than Schering-Plough, Schering-Plough is without knowledge or

10   information sufficient to form a belief as to the truth of those allegations.  Schering-Plough

11   further states that reliance upon the 2004 Report is inappropriate since it has been

12   withdrawn.

13                              **JURISDICTION AND VENUE**

14         8.          Schering-Plough admits and avers that the Court has subject matter

15   jurisdiction over this action and that that venue is appropriate in this district, and except as

16   so admitted and averred, states that Paragraph 8 of the Complaint consists of conclusions of

17   law as to which no answer is required.

18                                    **PARTIES**

19                                    **Plaintiffs**

20         9.    (a)          Schering-Plough is without knowledge or information sufficient to

21   form a belief as to the truth of the allegations in Paragraph 9(a) of the Complaint, but states

22   that it sells drugs to wholesalers who in turn sell Schering-Plough's drugs to, among others,

23   entities claimed to be 340B Participants, some of which Participants may be located in

24   Santa Clara County, California.

25               (b)          Schering-Plough states that Paragraph 9(b) of the Complaint consists

26   of conclusions of law as to which no answer is required.  To the extent an answer is

27   required, Schering-Plough is without knowledge or information sufficient to form a belief

28   as to the truth of the allegations and respectfully refers to the Santa Clara Ordinance Code

1 for the relationship between the County of Santa Clara and the Santa Clara Valley Health

2 and Hospital System.

3    (c) Schering-Plough is without knowledge or information sufficient to

4 form a belief as to the truth of the allegations contained in Paragraph 9(c) of the Complaint.

5   10. (a) Schering-Plough is without knowledge or information sufficient to

6 form a belief as to the truth of the allegations of Paragraph 10(a) of the Complaint, but

7 states that it sells drugs to wholesalers who in turn sell Schering-Plough's drugs to, among

8 others, entities claimed to be 340B Participants, some of which Participants may be located

9 in Santa Cruz County, California.

10    (b) Schering-Plough states that Paragraph 10(b) of the Complaint

11 consists of conclusions of law as to which no answer is required.  To the extent an answer is

12 required, Schering-Plough is without knowledge or information sufficient to form a belief

13 as to the truth of the allegations and respectfully refers to the laws of the State of California,

14 including Cal. Welf. & Inst. Code §§10000, 17000 for the relationship between the County

15 of Santa Cruz and the Santa Cruz County Health Services Agency.

16    (c) Schering-Plough is without knowledge or information sufficient to

17 form a belief as to the truth of the allegations contained in Paragraph 10(c) of the

18 Complaint.

19   11. (a) Schering-Plough is without knowledge or information sufficient to

20 form a belief as to the truth of the allegations of Paragraph 11(a) of the Complaint, but

21 states that it sells drugs to wholesalers who in turn sell Schering-Plough's drugs to, among

22 others, entities claimed to be 340B Participants, some of which Participants may be located

23 in Riverside County, California.

24    (b) Schering-Plough states that Paragraph 11(b) of the Complaint

25 consists of conclusions of law as to which no answer is required.  To the extent an answer is

26 required, Schering-Plough is without knowledge or information sufficient to form a belief

27 as to the truth of the allegations and respectfully refers to the laws of the State of California,

28 including Cal. Welf. & Inst. Code §§10000, 17000 for the relationship between the County

1   of Riverside and the Riverside Department of Public Health and the Riverside County

2   Regional Medical Center.

3              (c)      Schering-Plough is without knowledge or information sufficient to

4   form a belief as to the truth of the allegations contained in Paragraph 11(c) of the

5   Complaint.

6       12.      Schering-Plough denies the allegations of the first and last sentences of

7   Paragraph 12 of the Complaint as they pertain to it, and denies that any plaintiff has been

8   damaged or injured in any amount or amounts or at all by it.  Except as so expressly denied,

9   Schering-Plough is without knowledge or information sufficient to form a belief as to the

10  truth of all other allegations of Paragraph 12 of the Complaint.

11      13.      Schering-Plough states that Paragraph 13 of the Complaint consists of

12  conclusions of law as to which no answer is required.  To the extent an answer is required,

13  Schering-Plough is without knowledge or information sufficient to form a belief as to the

14  truth of the allegations and respectfully refers to the Cal. Welf. & Inst. Code §17000 for

15  California law on the relationship between counties and their residents concerning

16  healthcare.

17      14.      Schering-Plough denies the allegations contained in Paragraph 14 of the

18  Complaint that pertain to it except that Schering-Plough admits that it sells drugs to

19  wholesalers who in turn sell Schering-Plough's drugs to, among others, entities claimed to

20  be 340B Participants, some of which Participants may be located in the plaintiff counties.

21  To the extent the allegations in Paragraph 14 of the Complaint refer to the knowledge,

22  conduct or actions of persons, entities or defendants other than Schering-Plough, Schering-

23  Plough is without knowledge or information sufficient to form a belief as to the truth of

24  those allegations.

25                          **Defendants**

26      15.      Schering-Plough is without knowledge or information sufficient to form a

27  belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

28

1   16.     Schering-Plough is without knowledge or information sufficient to form a

2   belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

3   17.     Schering-Plough is without knowledge or information sufficient to form a

4   belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

5   18.     Schering-Plough is without knowledge or information sufficient to form a

6   belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

7   19.     Schering-Plough is without knowledge or information sufficient to form a

8   belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

9   20.     Schering-Plough is without knowledge or information sufficient to form a

10  belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

11  21.     Schering-Plough is without knowledge or information sufficient to form a

12  belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

13  22.     Schering-Plough is without knowledge or information sufficient to form a

14  belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

15  23.     Schering-Plough denies the allegations of Paragraph 23 of the Complaint

16  except it admits and avers:  that it is a New Jersey corporation headquartered at 2000

17  Galloping Hill Road, Kenilworth, New Jersey; that its business includes human prescription

18  pharmaceuticals with marketed products in categories including but not limited to

19  respiratory, oncology, cardiovascular disease, and the central nervous system; and that its

20  net sales in 2001 totaled $9.8 billion.  Except as so admitted and averred, Schering-Plough

21  denies the allegations contained in Paragraph 23 of the Complaint.

22  24.     Schering-Plough is without knowledge or information sufficient to form a

23  belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

24  25.     Schering-Plough is without knowledge or information sufficient to form a

25  belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26  26.     Schering-Plough denies each and every allegation contained in Paragraph 26

27  of the Complaint that pertain to Schering-Plough and, to the extent the allegations in

28  Paragraph 26 of the Complaint refer to the knowledge, conduct or actions of persons,

1   entities or defendants other than Schering-Plough, Schering-Plough denies that it has acted

2   as a "co-conspirator" with any such entity and is otherwise without knowledge or

3   information sufficient to form a belief as to the truth of those allegations.

4                **FACTUAL BACKGROUND**

5                **The Section 340B Program**

6        27.      Schering-Plough admits that §340B of the PHS Act, 42 U.S.C. § 256b, was

7   enacted in 1992, for reasons explained in the legislation and legislative history leading to its

8   enactment.  Except as so admitted, Schering-Plough is without knowledge or information

9   sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the

10   Complaint.

11       28.      Schering-Plough states that the allegations contained in Paragraph 28 of the

12   Complaint consist of conclusions of law as to which no answer is required.  To the extent

13   an answer is required, Schering-Plough denies the allegations in Paragraph 28 of the

14   Complaint and states that Section 340B of the PHS Act and H.R. Rpt. 102-384 cited in

15   Paragraph 28 speak for themselves and are the best evidence of their contents.

16       29.      Schering-Plough is without knowledge or information sufficient to form a

17   belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

18          **Administration of the Section 340B Program**

19       30.      Schering-Plough admits that the Health Resources and Services

20   Administration ("HRSA") is an agency within the HHS and that HRSA has oversight of

21   several health programs including the 340B Program, but is without knowledge or

22   information sufficient to form a belief as to the truth of the remaining allegations contained

23   in Paragraph 30 of the Complaint.

24       31.      Schering-Plough admits that the HRSA's Office of Pharmacy Affairs

25   ("OPA") has had a role in the administration of the 340B Program and that its role includes

26   administering PPAs.  Except as so admitted, Schering-Plough is without knowledge or

27   information sufficient to form a belief as to the truth of the remaining allegations contained

28   in Paragraph 31 of the Complaint.

1       32.    Schering-Plough admits that the Centers for Medicare and Medicaid

2   Services ("CMS") is an HHS agency that has been authorized to provide certain drug

3   pricing data to other HHS agencies, including, OPA, to assist in the administration of the

4   340B Program and to permit such agencies to enforce compliance with the 340B Program.

5   Schering-Plough denies that drug manufacturers have obligations to ensure that §340B

6   Participants pay best prices.  Schering-Plough is without knowledge or information

7   sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph

8   32 of the Complaint.

9       33.    The allegations contained in Paragraph 33 of the Complaint consist of

10  conclusions of law as to which no answer is required.  To the extent an answer is required,

11  Schering-Plough is without knowledge or information sufficient to form a belief as to the

12  truth of the allegations contained in Paragraph 33 of the Complaint and states that Welfare

13  Code § 17000 speaks for itself and is the best evidence of its contents.

14                       **Terms of Participation in the Section 340B Program**

15                       **and the Pharmaceutical Pricing Agreement**

16      34.    The allegations contained in the first sentence of Paragraph 34 of the

17  Complaint consist of conclusions of law as to which no answer is required.  To the extent

18  an answer is required, Schering-Plough admits that Section 340B requires manufacturers

19  that participate in the Medicaid program to enter into a PPA and states that Section 340B of

20  the PHS Act speaks for itself and is the best evidence of its contents.  Schering-Plough is

21  without knowledge or information sufficient to form a belief as to the truth of the remaining

22  allegations contained in Paragraph 34 of the Complaint.

23      35.    The allegations contained in the first sentence of Paragraph 35 of the

24  Complaint consist of conclusions of law as to which no answer is required.  To the extent

25  an answer is required, Schering-Plough denies the allegations of Paragraph 35 of the

26  Complaint except it admits that, to participate in the 340B Program, a drug manufacturer

27  like Schering-Plough must enter into a PPA and respectfully refers to the PPA for the terms

28  and conditions thereof.

1     36.     The allegations contained in the first two sentences of Paragraph 36 of the

2 Complaint consist of conclusions of law as to which no answer is required.  To the extent

3 an answer is required, Schering-Plough admits and avers that it provides ceiling prices to

4 wholesalers for its drugs that are distributed to 340B Participants, and that the ceiling prices

5 are based, in part, on data generated pursuant to the Medicaid drug rebate statute, including

6 "AMP" and "best price" as defined in that statute, and Schering-Plough further states that

7 the PPA and statutes referred to in Paragraph 36 speak for themselves and are the best

8 evidence of their contents.  Schering-Plough denies the remaining allegations in Paragraph

9 36 of the Complaint.

10     37.     The allegations contained in Paragraph 37 of the Complaint consist of

11 conclusions of law as to which no answer is required.  To the extent an answer is required,

12 Schering-Plough denies the allegations in Paragraph 37 of the Complaint and states that the

13 PPA speaks for itself and is the best evidence of its contents.

14     38.     The allegations contained in Paragraph 38 of the Complaint consist of

15 conclusions of law as to which no answer is required.  To the extent an answer is required,

16 Schering-Plough denies the allegations in Paragraph 38 of the Complaint and states that the

17 PPA speaks for itself and is the best evidence of its contents.

18     39.     The allegations contained in Paragraph 39 of the Complaint consist of

19 conclusions of law as to which no answer is required.  To the extent an answer is required,

20 Schering-Plough admits that one purpose of the 340B Program and the PPA is to provide

21 for 340B Ceiling Prices and that 340B Ceiling Prices are to be calculated based on AMPs

22 and rebate amounts, one component of which may sometimes be "best prices," as reported

23 to CMS under the Medicaid program.  Schering-Plough further states that Section 340B of

24 the PHS Act, the Medicaid rebate statute, the PPA and regulatory guidance thereunder

25 speak for themselves and are the best evidence of the way that the 340B Ceiling Prices are

26 to be calculated.  Schering-Plough denies the remaining allegations in Paragraph 39 of the

27 Complaint.

28

1    40.    Schering-Plough is without knowledge or information sufficient to form a

2 belief as to the truth of the allegations contained in Paragraph 40 of the Complaint, except

3 that it admits that the Ninth Circuit has held that 340B Participants may be intended third

4 party beneficiaries of the PPA.

5    41.    Schering-Plough denies each and every allegation contained in Paragraph 41

6 of the Complaint, except that it admits that federal law protects and preserves the

7 confidentiality of certain pharmaceutical pricing data.  42 U.S.C. § 1396r-8(b)(3)(D).

8                **Plaintiffs Purchase Significant Quantities of Section 340B Drugs**

9    42.    Schering-Plough denies each and every allegation in Paragraph 42 of the

10 Complaint as to it, except that Schering-Plough is without knowledge or information

11 sufficient to form a belief as to the truth of the allegations regarding the contents of Exhibits

12 A-C of the Complaint, and admits that it sells drugs to wholesalers who re-sell Schering-

13 Plough drugs to, among others, 340B Participants and that such re-sales may include

14 transactions in some of the drugs included in Paragraph 42(e) and Exhibits A-C of the

15 Complaint by 340 Participants located in the plaintiff counties.  Schering-Plough is without

16 knowledge or information sufficient to form a belief as to those allegations in Paragraph 42

17 of the Complaint that refer to the knowledge, conduct or actions of persons, entities or

18 defendants other than Schering-Plough.

19                      **Non-Disclosure of Ceiling Price Data**

20    43.    Schering-Plough denies each and every allegation of Paragraph 43 of the

21 Complaint that pertains to it, except that it admits that certain of its cost and pricing data,

22 such as AMP and best price, are proprietary and confidential and that it does not routinely

23 disclose AMP and best price information to 340B Participants or to the "prime vendor"

24 under the 340B Program.  To the extent the allegations in Paragraph 43 of the Complaint

25 refer to the knowledge, conduct or actions of persons, entities or defendants other than

26 Schering-Plough, Schering-Plough is without knowledge or information sufficient to form a

27 belief as to the truth of those allegations.

28

1    44.    Schering-Plough denies each and every allegation contained in Paragraph 44

2  of the Complaint.

3    45.    Schering-Plough is without knowledge or information sufficient to form a

4  belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, except

5  admits and avers that it provides AMPs and best prices to CMS, and that such information

6  is confidential.

7    46.    Schering-Plough is without knowledge or information sufficient to form a

8  belief as to the truth of the allegations contained in Paragraph 46 of the Complaint, except

9  that it admits that CMS calculates § 340B Ceiling Prices and provides such prices to the

10  OPA, and Schering-Plough denies each and every allegation contained in the last sentence

11  of Paragraph 46 of the Complaint that pertains to it.

12    47.    Schering-Plough denies the allegations in Paragraph 47 of the Complaint

13  except that it (a) admits that OPA has authority to resolve disputes between drug

14  manufacturers and 340B Participants and in certain cases to recommend that a manufacturer

15  be terminated from the 340B Program, (b) is without knowledge or information sufficient to

16  form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph

17  47 of the Complaint and (c) further states that the remaining allegations contained in

18  Paragraph 47 of the Complaint consist of conclusions of law as to which no answer is

19  required.  To the extent an answer is required, Schering-Plough denies the allegations and

20  states that the PPA speaks for itself and is the best evidence of its contents.

21    48.    Schering-Plough states that the allegations contained in Paragraph 48 of the

22  Complaint consist of conclusions of law as to which no answer is required.  To the extent

23  an answer is required, Schering-Plough denies the allegations and respectfully refers to the

24  Court's May 17, 2006 Order for the best evidence of its contents.

25    49.    Schering-Plough is without knowledge or information sufficient to form a

26  belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, except

27  that it admits that the OIG issued a report in October 2005 entitled "Deficiencies in the

28

1    Oversight of the §340B Drug Pricing Program" and respectfully refers to that report for the

2    full contents thereof.

3                **The OIG Reports Reveal the Section 340B Participants**

4                **Are Systemically Overpaying for Drugs**

5                50.        Schering-Plough denies each and every allegation contained in Paragraph 50

6    of the Complaint that pertains to Schering-Plough, except that it admits that the OIG issued

7    the 2003 Report and states that the 2003 Report speaks for itself.  To the extent the

8    allegations in Paragraph 50 of the Complaint refer to the knowledge, conduct or actions of

9    persons, entities or defendants other than Schering-Plough, Schering-Plough is without

10   knowledge or information sufficient to form a belief as to the truth of those allegations.

11               51.        Schering-Plough denies each and every allegation contained in Paragraph 51

12   of the Complaint that pertains to it, except that it admits that the OIG issued the 2004

13   Report, states that that report was subsequently withdrawn by OIG and therefore cannot

14   form the basis for any factual assertion,, and further states that the document, and the

15   subsequent withdrawal by OIG of that document, speak for themselves.  To the extent the

16   allegations in Paragraph 51 of the Complaint refer to the knowledge, conduct or actions of

17   persons, entities or defendants other than Schering-Plough, Schering-Plough is without

18   knowledge or information sufficient to form a belief as to the truth of those allegations.

19               52.        Schering-Plough denies each and every allegation contained in Paragraph 52

20   of the Complaint that pertains to it, except that it admits that the OIG issued the 2004

21   Report, states that that report was subsequently withdrawn by OIG and therefore cannot

22   form the basis for any factual assertion,, and further states that the document, and the

23   subsequent withdrawal by OIG of that document, speak for themselves.  To the extent the

24   allegations in Paragraph 52 of the Complaint refer to the knowledge, conduct or actions of

25   persons, entities or defendants other than Schering-Plough, Schering-Plough is without

26   knowledge or information sufficient to form a belief as to the truth of those allegations.

27               53.        Schering-Plough denies each and every allegation contained in Paragraph 53

28   of the Complaint, except that it admits that the OIG issued a report entitled "Deficiencies in

1    the 340B Drug Discount Program's Database" in June 2004 and states that the document

2    speaks for itself.

3          54.     Schering-Plough denies each and every allegation contained in Paragraph 54

4    of the Complaint, except Schering-Plough admits that HRSA provided comments on the

5    OIG's June 2004 report and states that those comments, appended to the report, speak for

6    themselves.

7          55.     Schering-Plough denies each and every allegation contained in Paragraph 55

8    of the Complaint, as they may be directed to Schering-Plough, including any implication

9    therein that it has overcharged §340B entities.  Schering-Plough is without knowledge or

10   information sufficient to form a belief as to the truth of the remaining allegations contained

11   in Paragraph 55 of the Complaint, and Schering-Plough refers to the sources listed in

12   Paragraph 55 as the best evidence of their contents.

13         56.     Schering-Plough denies each and every allegation in Paragraph 56 of the

14   Complaint, except that it admits that on October 21, 2004, the OIG issued a notice

15   withdrawing its 2004 Report and that the notice was presented to the court in a lawsuit then

16   pending in Alabama federal court.  Schering-Plough states that the notice speaks for itself

17   and is the best evidence of its contents.

18         57.     Schering-Plough is without knowledge or information sufficient to form a

19   belief as to the truth of the allegations contained in Paragraph 57 of the Complaint, but

20   states that in 2006 the OIG issued another report concerning the §340B program.

21         58.     Schering-Plough admits that on December 15, 2005, the Subcommittee on

22   Oversight and Investigations of the House Committee on Energy and Commerce held a

23   hearing titled "Oversight and Administration of the 340B Drug Discount Program:

24   Improving Efficiency and Transparency."  Schering-Plough is without knowledge or

25   information sufficient to form a belief as to the truth of the remaining allegations contained

26   in Paragraph 58 of the Complaint.

27

28

1    **Certain Defendants' Public Admission of Violations of Section 340B Requirements**

2    59.    Schering-Plough states that the first sentence of Paragraph 59 of the

3    Complaint contains conclusions of law as to which no answer is required.  To the extent an

4    answer is required, Schering-Plough admits that it is required to report its "best prices" as

5    defined under the Medicaid rebate statute to the federal government and to pay quarterly

6    rebates pursuant to, among other things, that statute, and Schering-Plough otherwise denies

7    knowledge or information sufficient to form a belief as to the truth of those allegations.

8    Schering-Plough further states that it is without knowledge or information sufficient to form

9    a belief as to the truth of the remaining allegations contained in Paragraph 59 of the

10   Complaint.

11   60.    Schering-Plough is without knowledge or information sufficient to form a

12   belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

13   61.    Schering-Plough is without knowledge or information sufficient to form a

14   belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

15   62.    Schering-Plough is without knowledge or information sufficient to form a

16   belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

17   63.    Schering-Plough denies each and every allegation contained in Paragraph 63

18   of the Complaint that pertains to Schering-Plough and, to the extent the allegations in

19   Paragraph 64 of the Complaint refer to the knowledge, conduct or actions of persons,

20   entities or defendants other than Schering-Plough, Schering-Plough is without knowledge

21   or information sufficient to form a belief as to the truth of those allegations.

22   64.    Schering-Plough denies each and every allegation contained in Paragraph 64

23   of the Complaint that pertains to Schering-Plough and, to the extent the allegations in

24   Paragraph 64 of the Complaint refer to the knowledge, conduct or actions of persons,

25   entities or defendants other than Schering-Plough, Schering-Plough is without knowledge

26   or information sufficient to form a belief as to the truth of those allegations.

27

28

**Section 340B Participants Cannot Obtain Prescription**

**Drug Cost Data Without Judicial Assistance**

65.     Schering-Plough is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 concerning the information Plaintiffs allegedly do or do not possess or on what they allegedly have relied. Schering-Plough further states that the allegations contained in the second sentence of Paragraph 65 of the Complaint are conclusions of law as to which no answer is required. To the extent an answer is required, Schering-Plough denies the allegations in the second sentence of Paragraph 65 of the Complaint.  Schering-Plough denies each and every remaining allegation in Paragraph 65 of the Complaint.

**CLASS ACTION ALLEGATIONS**

66.     In response to the allegations of Paragraph 66 of the Complaint, Schering-Plough admits that Plaintiffs purport to bring this action on behalf of themselves and a class of certain California entities, but denies that Plaintiffs have standing, that this case meets the requirements of a class action, that Plaintiffs would be appropriate class representatives, or that they or the alleged class have any legal or factual basis on which to proceed with this action.

67.     Schering-Plough denies that this action can be maintained in any form, including as a class action, and therefore denies each and every allegation contained in Paragraph 67 of the Complaint, except that it admits that there are 58 counties in the State of California and that there may be more than one 340B Participant located in a single county.

68.     Schering-Plough denies each and every allegation contained in Paragraph 68 of the Complaint.

69.     Schering-Plough denies each and every allegation contained in Paragraph 69 of the Complaint.

70.     Schering-Plough denies each and every allegation contained in Paragraph 70 of the Complaint, except that it is without knowledge or information sufficient to form a

1   belief as to the truth of the allegations concerning the competency or experience of

2   Plaintiffs' counsel and the interests of Plaintiffs and their counsel.

3        71.      Schering-Plough denies each and every allegation contained in Paragraph 71

4   of the Complaint.

5                       **FIRST CAUSE OF ACTION**

6                       **For Breach of Contract**

7        72.      In response to Paragraph 72 of the Complaint, Schering-Plough repeats and

8   realleges its responses to Paragraphs 1 through 71 of the Complaint with the same force and

9   effect as if fully set forth herein.

10       73.      Schering-Plough states that the allegations contained in Paragraph 73 of the

11  Complaint consist of conclusions of law as to which no answer is required.  To the extent

12  an answer is required, Schering-Plough denies the allegations in Paragraph 73 of the

13  Complaint, except that it admits that it has signed a PPA with the Secretary of HHS and

14  states that the PPA speaks for itself and is the best evidence of its contents.

15       74.      Schering-Plough states that the allegations contained in Paragraph 74 of the

16  Complaint consist of conclusions of law as to which no answer is required.  To the extent

17  an answer is required, Schering-Plough denies the allegations in Paragraph 74 of the

18  Complaint, except that it admits that the Ninth Circuit has held that 340B Participants may

19  be intended beneficiaries of the PPA and states that the PPA speaks for itself and is the best

20  evidence of its contents.

21       75.      Schering-Plough states that the allegations contained in Paragraph 75 of the

22  Complaint consist of conclusions of law as to which no answer is required.  To the extent

23  an answer is required, Schering-Plough denies the allegations in Paragraph 75 of the

24  Complaint, except that it admits that certain criteria for calculation of the 340B Ceiling

25  Price are set forth in the PPA and the statutes cited in Paragraph 75 of the Complaint and

26  states that those sources speak for themselves and are the best evidence of their contents.

27       76.      Schering-Plough states that the allegations contained in Paragraph 76 of the

28  Complaint consist of conclusions of law or as to which no answer is required.  To the extent

1  an answer is required, Schering-Plough denies the allegations in Paragraph 76 of the

2  Complaint, except that it admits that the Ninth Circuit has held that 340B Participants may

3  be third-party beneficiaries of the PPA and further states that the PPA speaks for itself and

4  is the best evidence of its contents.

5      77.    Schering-Plough states that the allegations contained in Paragraph 77 of the

6  Complaint consist of conclusions of law as to which no answer is required.  To the extent

7  an answer is required, Schering-Plough denies the allegations in Paragraph 77 of the

8  Complaint and states that the PPA and the statutes cited in Paragraph 77 of the Complaint

9  speak for themselves and are the best evidence of their contents.

10     78.    Schering-Plough denies each and every allegation contained in Paragraph 78

11  of the Complaint that pertain to Schering-Plough and, to the extent the allegations in

12  Paragraph 78 of the Complaint refer to the knowledge, conduct or actions of persons,

13  entities or defendants other than Schering-Plough, Schering-Plough is without knowledge

14  or information sufficient to form a belief as to the truth of those allegations.

15     79.    Schering-Plough denies each and every allegation contained in Paragraph 79

16  of the Complaint, and specifically denies that any plaintiff has been damaged or injured in

17  any amount or amounts or at all, or is entitled to any relief whatsoever.

18                    **Additional Defenses**

19     No relief against Schering-Plough is proper and any allegation against Schering-

20  Plough that is not specifically admitted is hereby denied.  However, further answering and

21  responding to the allegations of the Complaint, Schering-Plough alleges as defenses (but

22  does not by characterizing them as additional defenses assume any burden of production or

23  persuasion not required by applicable law) to the individual claims of Plaintiffs and to the

24  claims of the purposed class that Plaintiffs wish to represent as follows:

25                    **SECOND DEFENSE**

26     The Complaint fails to state a claim upon which relief may be granted.

27

28

1                               **THIRD DEFENSE**

2            Should any damages be awarded against Schering-Plough, Schering-Plough is

3   entitled to a set-off for the entire amount of all damages recovered by Plaintiffs and/or any

4   member of the putative class, or an appropriate proportion of such damages, with respect to

5   errors made by Schering-Plough in favor of the Plaintiffs or class members, improper

6   diversion of pharmaceuticals, duplicate discounts or rebates, improper use of a group

7   purchasing organization for the purchase of outpatient drugs, and/or any other violations by

8   Plaintiffs or class members of the proscriptions in the PPA and PHS Act.

9                               **FOURTH DEFENSE**

10           Plaintiffs' and the putative class' claims are barred, in whole or in part, by the

11  applicable statutes of limitations.

12                              **FIFTH DEFENSE**

13           Plaintiffs' and the putative class' claims are barred, in whole or in part, by the

14  doctrine of laches.

15                              **SIXTH DEFENSE**

16           Plaintiffs, by participating in and benefiting from the 340B Program with

17  knowledge of the relevant statutory and contractual terms, are estopped from complaining

18  about the effects of such terms and participation.  Plaintiffs, by participating in the 340B

19  Program with knowledge of the relevant statutory and contractual terms, have waived any

20  right to complain about those terms.

21                              **SEVENTH DEFENSE**

22           Plaintiffs and the putative class have failed to exhaust available statutory and

23  administrative remedies.

24                              **EIGHTH DEFENSE**

25           Plaintiffs' and the putative class' claims are barred, in whole or in part, because they

26  failed to mitigate their damages, and their failure to mitigate damages should

27  proportionately reduce the recovery of such persons and the allocation of any fault, if any

28  exists, attributable to Schering-Plough.

1

**NINTH DEFENSE**

2    To the extent Plaintiffs and/or any member of the putative class obtain recovery in

3 any other case predicated on the same factual allegations or have released, settled, entered

4 into an accord and satisfaction, or otherwise compromised their claims, that Plaintiff or

5 purported class member is barred from seeking recovery against Schering-Plough pursuant

6 to the doctrines of *res judicata* and collateral estoppel and the prohibition on double

7 recovery for the same injury.

8

**TENTH DEFENSE**

9    Plaintiffs' and the putative class' claims are barred, in whole or in part, by the filed

10 rate doctrine and because Schering-Plough has complied with all applicable regulations of

11 the federal and state governments.

12

**ELEVENTH DEFENSE**

13    To the extent that Plaintiffs and the putative class seek equitable relief against

14 Schering-Plough, they are not entitled to such relief because they have an adequate remedy

15 at law and because any claims for injunctive relief are barred by the doctrines of *in pari*

16 *delicto* and unclean hands.

17

**TWELFTH DEFENSE**

18    Plaintiffs' and the putative class' claims are barred, in whole or in part, due to their

19 failure to join indispensable parties.

20

**THIRTEENTH DEFENSE**

21    Schering-Plough has been improperly joined with the other defendants in this action

22 and is entitled to severance and/or a separate trial.

23

**FOURTEENTH DEFENSE**

24    Plaintiffs' and the putative class' claims are barred, in whole or in part, by the

25 doctrine of consent and/or ratification to the extent that Plaintiffs have received and paid for

26 medicines manufactured, marketed, or sold by Schering-Plough after the filing of Plaintiffs'

27 original Complaint.

28

1                                        **FIFTEENTH DEFENSE**

2         Any and all actions taken by Schering-Plough with respect to any of the matters

3 alleged in the Complaint were taken in good faith and in accordance with established

4 industry practice.

5                                          **SIXTEENTH DEFENSE**

6         Plaintiffs and the putative class lack standing to bring their claim against Schering-

7 Plough.

8                                   **SEVENTEENTH DEFENSE**

9         Plaintiffs' and the putative class' claims are barred, in whole or in part, because any

10 injuries sustained by Plaintiffs or the putative class were the result of intervening or

11 superseding conduct of third parties.

12                                   **EIGHTEENTH DEFENSE**

13         Plaintiffs' and the putative class' claims against Schering-Plough are barred because

14 the Department of Health and Human Services has primary jurisdiction to resolve the

15 allegations in the Complaint.

16                                 **NINETEENTH DEFENSE**

17         Plaintiffs' and the putative class' request for an accounting against Schering-Plough

18 is barred because Plaintiffs and the putative class have failed to allege an independent claim

19 for relief.

20                                   **TWENTIETH DEFENSE**

21         Plaintiffs' and the putative class' claims against Schering-Plough are barred because

22 Plaintiffs have not alleged any injury in fact or any injury caused by Schering-Plough.

23                             **TWENTY-FIRST DEFENSE**

24         Schering-Plough adopts by reference and reserves the right to rely upon any defense

25 pleaded by any other defendant not otherwise set forth herein.

26

27

28

1

## **TWENTY-SECOND DEFENSE**

2

Plaintiffs' claims are barred, in whole or in part, because their alleged damages, if

3

any, are speculative, and because of the impossibility of the proof of any alleged damages.

4

## **TWENTY-THIRD DEFENSE**

5

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of

6

Schering-Plough was caused by, due to, based upon, or in response to the directives, laws,

7

regulations, policies and/or acts of governments, governmental agencies and entities, and/or

8

regulatory agencies, and as such is non-actionable or privileged.

9

## **TWENTY-FOURTH DEFENSE**

10

11

To the extent that plaintiffs' attorneys' fees are contingent on the outcome of this

litigation, plaintiffs' prayer for attorneys' fees and costs is barred by *People ex rel. Clancy*

12

*v. Superior Court*, 39 Cal.3d 740 (1985).

13

## **TWENTY-FIFTH DEFENSE**

14

15

Schering-Plough hereby gives notice that it intends to rely upon any other and

additional defense that is now or may become available or appear during, or as a result of

16

the discovery proceedings in this action, and Schering-Plough hereby reserves its right to

17

amend its answer to assert such defense.

18

Dated: January 21, 2009.

19

20

PILLSBURY WINTHROP SHAW PITTMAN LLP
KIRKE M. HASSON

21

COLIN T. KEMP
50 Fremont Street

22

Post Office Box 7880
San Francisco, CA  94120-7880

23

24

By _____/s/ Colin T. Kemp_____

25

Attorneys for Defendant

26

SCHERING-PLOUGH CORPORATION

27

28

- 22 -

SCHERING-PLOUGH'S ANSWER TO THIRD
AMENDED COMPLAINT
Case No. C 05-03740 WHA