UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COUNTY OF SANTA CLARA, *et al.*,

          Plaintiffs,

    v.

ASTRA USA, INC., *et al.*,

          Defendants.

No. C-05-3740 WHA (EMC)

**ORDER RE LETTERS OF FEBRUARY 19 AND MARCH 4, 2009**

**(Docket Nos. 315, 329)**

        The parties have filed letters regarding a dispute over discovery propounded on the Counties of Santa Clara, Santa Cruz, and Riverside. *See* Docket Nos. 315, 329 (letters). After Plaintiffs filed their letter, the parties narrowed their discovery dispute further so that the only issue presented to the Court for resolution, at the hearing held on March 6, 2009, concerned the Santa Cruz discovery. This order memorializes the Court's rulings regarding the Santa Cruz discovery.

        There is no dispute that Santa Cruz, as a named plaintiff, is subject to discovery. The main question is whether or not the discovery currently sought is relevant to class certification, in which case it should be produced in a timely fashion in order for Defendants to file their oppositions to the motion for class certification. The oppositions are currently due on March 19, 2009.

        The Court concludes that, as a general matter, Defendants have adequately demonstrated that Santa Cruz has information relevant to the issue of certification. While the parties dispute how the information may be relevant -- *i.e.*, as part of Plaintiffs' affirmative case, as part of an affirmative defense for Defendants, or as a consideration for assessing the class procedure -- the Court is

satisfied that information sought is relevant to such issues as commonality, predominance, and superiority under Rule 23, particularly since Plaintiffs seek certification under Rule 23(b)(3).

That being said, given the breadth of the document requests, as a practical matter, it may not be possible for Santa Cruz to complete production of responsive documents in time for Defendant to oppose the class certification motion. Accordingly, the Court orders the parties to meet and confer to determine what are the critical documents needed by Defendants to oppose the certification motion. Those documents shall be produced no later than March 13, 2009. If the parties have a disagreement as to whether or not a specific category of documents should be produced, they may seek the assistance of the Court on an emergency basis.

This order disposes of Docket Nos. 315 and 329.

IT IS SO ORDERED.

Dated: March 9, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2