UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA, *et al.*, | No. C-05-3740 WHA (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE JOINT LETTER OF MARCH 10, 2009** |
| ASTRA USA, INC., *et al.*, | |
| Defendants. | **(Docket No. 335)** |

The parties have submitted a joint letter to the Court, dated March 10, 2009, regarding a discovery dispute. In essence, Plaintiffs move for a protective order to bar the deposition of Kevin Gorospe, the Director of Pharmacy Policy for the California Department of Health Care Services ("CDHC"), from going forward on March 12, 2009. Plaintiffs assert that the deposition should not take place until after Mr. Gorospe and the CDHC provide a complete document production in response to the Wyeth Defendants' subpoenas on Mr. Gorospe (as an individual) and the CDHC. Mr. Gorospe indicates that the document production cannot be completed until mid-April. Currently, the Wyeth Defendants' opposition to Plaintiffs' motion for class certification is due on March 19, 2009. *See* Gorospe Decl. ¶ 4 (attached as Exhibit C to the joint letter). The hearing on the motion for class certification is scheduled for April 23, 2009.

Having considered the parties' joint letter and accompanying submissions, as well as all other evidence of record, the Court hereby **DENIES** Plaintiffs' request for a protective order. The Wyeth Defendants have adequately demonstrated that Mr. Gorospe has information that is relevant to the issue of class certification. Therefore, the Wyeth Defendants have reason for noticing his

deposition prior to the day that their opposition to the motion for class certification is due. Although Mr. Gorospe states in his declaration that he cannot answer questions on the areas of inquiry identified by the Wyeth Defendants until documents have been gathered, it is telling that neither Mr. Gorospe nor the CDHC has moved to quash his deposition. Moreover, it is likely that Mr. Gorospe will be able to provide some testimony, regardless of his gathering and review of documents, since he has been employed with the CDHC since 1995. *See* Gorospe Decl. ¶ 1. Finally, the Court notes that Plaintiffs have failed to show prejudice since they are able to cross-examine Mr. Gorospe at the deposition.

Of course, the Wyeth Defendants bear some risk in having Mr. Gorospe's deposition take place on March 12, 2009. The Federal Rules of Civil Procedure provide that, with limited exceptions, "a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). Should the Wyeth Defendants proceed with Mr. Gorospe's deposition on March 12, then they will be barred from taking his deposition (at least as an individual) a second time unless they meet one of the exceptions carved out by Rule 30(d)(1). *See* Fed. R. Civ. P. 30(d)(1) ("The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination."). This may be a moot point since the Wyeth Defendants have also noticed a 30(b)(6) deposition for the CDHC, and the CDHC appears likely to designate Mr. Gorospe as its 30(b)(6) witness. However, Plaintiffs have not demonstrated that the Wyeth Defendants are barred from noticing both the deposition of Mr. Gorospe as an individual as well as a 30(b)(6) deposition of the CDHC.

IT IS SO ORDERED.

Dated: March 11, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

2