IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRA USA, INC.; ASTRAZENECA PHARMACEUTICALS LP; AVENTIS PHARMACEUTICALS, INC.; BAYER CORP.; BRISTOL-MYERS SQUIBB CO.; PFIZER, INC.; SCHERING-PLOUGH CORP.; SMITHKLINE BEECHAM CORP.; TAP PHARMACEUTICAL PRODUCTS, INC.; WYETH, INC.; WYETH PHARMACEUTICALS, INC.; ZENECA, INC.; ZLB BEHRING LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 05-03740 WHA<br><br>**ORDER REGARDING MOTIONS TO AMEND AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; ORDER VACATING HEARING** |

In this proposed class action, the County of Santa Clara seeks to recover overcharges from drug manufacturers for charges that exceeded price ceilings imposed by Section 340B of the Public Health Service Act of 1992 and contractual agreements thereunder. A May 2009 order denied plaintiff's motion for class certification for the time being without prejudice to renewal at a later date. The order, however, largely rejected defendants' contention that inquiry into class members' compliance with the 340B program's statutory eligibility criteria would pose extensive individual issues. *See* 42 U.S.C. 256b(4), (5).

Specifically, the May 2009 order rejected defendants' argument that plaintiff must prove its own total compliance with the statutory eligibility criteria on a transaction-by-transaction

1  basis as part of its third-party beneficiary claim. The order also rejected in part defendants'
2  setoff argument. It explained that the Act affords manufacturers a means by which to recover
3  any discounts they had extended to ineligible covered entities but this statutory remedy requires
4  a finding by the Secretary. *Id*. at § 256b(5)(D) ("[i]f the Secretary finds, after notice and
5  hearing, that a covered entity is in violation of a requirement described in subparagraphs (A) or
6  (B) [including diversion], the covered entity shall be liable to the manufacturer . . ."). The
7  May 2009 order therefore ruled that, if any manufacturer obtains such a finding by the
8  Secretary, the manufacturer may assert that statutory claim either as an independent lawsuit or
9  as a counterclaim or setoff.

10  At the time, however, there was no indication that the manufacturers had even initiated a
11  Section 256b claim with the Secretary. That is still true. Moreover, although the contract and
12  regulatory guidance stated that the administrative process did not "preclude the Manufacturer or
13  the Secretary from exercising such other remedies as may be available by law," the
14  manufacturers failed to identify any other such "remed[y] as may be available by law"
15  (Dkt. No. 245-4).

16  The manufacturers now move for leave to amend their answer to add two *state-law*
17  counterclaims — for unjust enrichment and for negligent misrepresentation — both in
18  substance predicated on plaintiff's alleged failure to conform with the statutory eligibility
19  criteria.[1] They also move for leave to file a motion for reconsideration of the May 2009 order
20  in which they ask the Court to reconsider its ruling regarding defendants' setoff argument.

21                       *          *          *

22  Under Rule 15(a), leave to amend a complaint shall be freely given when justice so
23  requires, but Rule 15(a) does not apply when a district court has established a deadline for
24  amended pleadings under Rule 16(b). Once the district court has entered a scheduling order,
25  subsequent amendments are not allowed without leave of the Court, and any such modification
26  must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294

---

[1] Defendant Bristol-Myers Squibb Company filed a motion for leave to amend on behalf of itself and several other defendants on May 21, 2009 (Dkt. No. 369). Defendant Wyeth filed a similar motion June 3, 2009 (Dkt. No. 371).

2

(9th Cir. 2000). The good-cause standard focuses on the diligence of the party seeking the amendment and prejudice to other parties in the litigation. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The most recent case management scheduling order of September 26, 2008, stated that any request for leave to add new parties or pleading amendments had to be sought by December 1, 2008. On December 1, plaintiff filed a motion for leave to add new parties and file a third amended complaint. Defendants did not oppose the motion, and the motion was granted. Plaintiff filed the third amended complaint December 23, 2008. After receiving an extension of their time to file a responsive pleading, defendants filed answers to the complaint in January 2009.

Rule 13(f) states "[t]he court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Although courts generally adopt a liberal stance to requests to amend in order to add counterclaims, courts nevertheless consider "factors including prejudice to the opposing party, bad faith of the moving party, futility of the amendment, and undue delay." *Children's Hosp. and Research Center at Oakland v. Health Plan of Nevada*, 2008 WL 4067426, at *2 (N.D. Cal. 2008).

Defendants identify little reason for the delay in asserting their proposed counterclaims. This case has been pending for four years, and defendants filed their most recent pleadings six months ago. Defendants point to the depositions of two representatives of Santa Clara taken on March 5 and 6, 2009, and contend that those "revealed for the first time details of the operations of the various County-owned hospitals and health centers that have participated in the 340B program" (Br. at 3).

Defendants must have known when they filed their answers, however, that they intended to raise *allegations* based on the statutory eligibility criteria. Indeed, they *did* raise the basic allegations in their answers — albeit as defenses to the third-party contract claim rather than as the state-law counterclaims now proposed (*see, e.g.*, Dkt. No. 290 at 17–18; Dkt. No. 292 at 13). As stated, the May 2009 order ruled that those allegations did not amount to ordinary

3

defenses because plaintiff is not required to prove its own total compliance as an element of its third-party beneficiary claim. That is, plaintiff was not required to prove a negative — that it engaged in no disqualifying conduct.

Defendants need not have waited until they knew *all* the facts behind the claims in order to assert the counterclaims. Even accepting that defendants learned further details of the counterclaims in early March, moreover, they offer no basis for the additional delay of nearly three months thereafter. Defendants filed their opposition to the class-certification motion March 19 (two weeks after the depositions) and litigated the entire motion without mention of their intent to assert new state counterclaims. Only when the class-certification order rejected their primary theory that the burden fell on *plaintiffs* to prove its own total compliance with the statutory eligibility criteria did defendants devise their new theory based on state-law counterclaims. It is difficult to view the proposed counterclaims as anything other than an effort to gain a second bite at the same issues, based on a legal theory that was entirely available to them at the time they filed their most recent pleading (and litigated the class-certification order). The motions for leave to amend filed by defendants Bristol-Myers Squibb and Wyeth are denied.

\*          \*          \*

As stated, defendants also filed a motion for reconsideration of the May 2009 order regarding class certification. Defendants purport to identify a "manifest failure . . . to consider . . . dispositive legal arguments." Civil Local Rule 7-9(b)(3). The May 2009 order, however, squarely addressed and rejected defendants' contention that, as an element of its third-party beneficiary claim, plaintiff must prove on a transaction-by-transaction basis that it engaged in no disqualifying conduct.

It also addressed defendants' setoff argument. To assert a setoff against plaintiff's third-party beneficiary, defendants were required to have a *claim* against plaintiff. *See, e.g.*, *J.G.B. Enterprises v. United States*, 497 F.3d 1259 (Fed. Cir. 2007). Defendants pointed only to the

4

statutory remedy but, as the May 2009 order explained, that remedy expressly required (and requires) a finding by the *Secretary*.[2]

Finally, defendants profess confusion regarding "whether the Court's opinion requires them to initiate proceedings [with the Secretary] now based on incomplete evidence; to wait until discovery is completed and risk that the administrative process would result in delay of the litigation; or to institute an administrative proceeding now based on the information currently available, and initiate new proceedings seriatim as evidence of new violations arises in discovery" (Br. at 7). The choice is up to defendants, but the May 2005 order specifically stated that the burden is on (and has long been on) defendants to initiate the administrative proceedings. That they have not done so seems to be part of a calculated plan. It also stated that, in *addition* to the audit and/or discovery rights defendants may have in an administrative proceeding, defendants would be afforded the ongoing benefit of discovery in this action due to the potential relevance of the statutory claim herein. Defendants motion for leave to file a motion for reconsideration is denied.

## CONCLUSION

For all of the above-stated reasons, the motions for leave to amend filed by defendants Bristol-Myers Squibb and Wyeth are **DENIED**. The hearing scheduled for June 25, 2009, is hereby **VACATED**. Defendants' motion for leave to file a motion for reconsideration is also **DENIED**.

**IT IS SO ORDERED.**

Dated: June 22, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] To reiterate, the Act states: "[i]f the Secretary finds, after notice and hearing, that a covered entity is in violation of a requirement described in subparagraphs (A) or (B) [including diversion], the covered entity shall be liable to the manufacturer . . . ." 42 U.S.C. 256b(5)(D).

5