UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRA USA, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C-05-3740 WHA (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION TO COMPEL SANTA CLARA TO PRODUCE DOCUMENTS AND DEFENDANT PFIZER'S MOTION TO COMPEL SANTA CRUZ TO PRODUCE OUTSTANDING DISCOVERY; AND GRANTING DEFENDANTS BAYER AND SCHERING-PLOUGH'S MOTIONS TO COMPEL ANSWERS TO INTERROGATORY NO. 1**<br><br>**(Docket Nos. 384, 391-93)** |

    Currently before the Court are four discovery motions which essentially boil down to two issues: (1) Are Santa Clara and Santa Cruz (collectively, the "Counties") obligated to produce documents responsive to discovery requests regarding compliance; and (2) are Santa Clara and Santa Cruz obligated to respond to interrogatories asking them to identify each purchase for which they were allegedly overcharged and the basis for the claim that there was an overcharge? Having considered the parties briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part both Defendants' joint motion to compel Santa Clara to produce documents and Pfizer's motion to compel Santa Cruz to produce outstanding discovery. In addition, the Court **GRANTS** Bayer and Schering-Plough's motions to compel answers to Interrogatory No. 1.

**I. DISCUSSION**

A.    Motions to Compel Documents (Docket Nos. 391-92)

Judge Alsup's order of August 17, 2009, makes clear that the original position taken by the Counties -- *i.e.*, that Defendants are not entitled to any discovery regarding compliance -- is incorrect. In the order, Judge Alsup specifically stated that "discovery into plaintiff's compliance with 340b requirements is proper due to its potential relevance for defendants' setoff claim in this action." Docket No. 407 (Order at 2).

At the hearing on the motions, the Counties conceded that Judge Alsup's August 17 order nullified their original argument but pressed forward with a new contention not previously raised -- *i.e.*, that only certain compliance discovery was permissible, more specifically, discovery related to "double dipping" and diversion. *See* 42 U.S.C. § 256b(5)(A)-(B) (prohibiting duplicate discounts or rebates as well as the resale of drugs). Based on its reading of the August 17 order, the Court agrees with the Counties. In the order, Judge Alsup repeatedly refers to Defendants' set-off claim and § 256b(5)(D) which provides for a set-off pursuant to § 256b(5)(A), prohibiting "double dipping," and § 256b(5)(B), prohibiting diversion.

At the hearing, Defendants argued that, in spite of this language in the August 17 order, they were entitled to broader compliance discovery. More specifically, Defendants asserted that they should be able to get discovery on whether either County was entitled to get the discounted price in the first place. This contention, however, has been foreclosed by Judge Alsup's order on class certification. *See* Docket No. 364 (order, filed on 5/5/2009). In that order, Judge Alsup expressly stated that he rejected Defendants' argument

> that class members must *prove* total compliance with the statutory criteria on a transaction-by-transaction basis to have a third-party beneficiary claim for overcharges. Under the statutory scheme, an entity's qualification for and participation in the 340B program is established via a separate regulatory process whereby the Secretary determined the "covered entities" eligible for the program and maintains a published list of such participating entities.

Docket No. 364 (Order at 8) (emphasis in original). In another part of the order, he summarized the point as follows: "[T]he statute and regulations indicate that the Secretary determines which drug purchasers are 'covered entities' eligible in the program and thus entitled to the discount, and

manufacturers may not condition the 340B discount on further assurance that the covered entity is in compliance." Docket No. 364 (Order at 10).  Judge Alsup acknowledged that a manufacturer may bring an administrative claim pursuant to § 265b(5)(D), which as noted above permits a set-off based on "double dipping" or diversion.  *See* Docket No. 364 (Order at 10-11).  He thus permitted discovery on this issue, as made clear in his order of August 17, 2009.  That Judge Alsup intended to permit discovery on the set-offs permitted by § 265b(5)(A) and (B) and not on the broader issues of eligibility on an entity-by-entity or transaction-by-transaction basis, is further evidenced by Judge Alsup's limited amendment of the protective order.  *See* Docket No. 407 (Order at 4).

Accordingly, Defendants' motions to compel documents are hereby granted in part and denied in part.  The Counties are obligated to produce compliance discovery but only as it relates to "double dipping" and diversion under § 265b(5)(A) and (B).  The parties shall meet and confer on the document requests at issue to determine whether additional documents need to be produced consistent with this ruling.

The Court further orders that, as to the completeness of the production of documents other than those whose relevance were disputed, the parties shall meet and confer and resolve any remaining disputes.  The Counties are reminded that they must provide to Defendants the information required by Judge Alsup's supplemental case management order.  *See* Docket No. 227 (Supp. Order ¶¶ 12-13, 16) (requiring a certification, information about the search for documents, and a privilege log).  Documents and information required by the supplemental order shall be provided no later than **September 15, 2009**.

B.   Motions to Compel Interrogatory Responses (Docket Nos. 384, 393)

As noted above, Bayer and Schering-Plough seek responses to interrogatories asking the Counties to identify each purchase for which they were allegedly overcharged and the basis for the claim that there was an overcharge.  While the Court agrees with the Counties that these are contention interrogatories, such interrogatories are only disfavored early in the proceedings.  *See In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 338 (N.D. Cal. 1985) (Brazil, J.) (stating that "the wisest course is not to preclude entirely the early use of contention interrogatories, but to place a burden of justification on a party who seeks answers to these kinds of questions before

3

substantial documentary or testimonial discovery has been completed"). This case, however, is hardly in the early proceedings; indeed, the case has been ongoing since 2005, and discovery is set too close in less than two months (*i.e.*, on October 30, 2009).

The Counties argue still that they should have no obligation to identify the overcharges and the basis for the claim of overcharge until after expert reports are due. This approach, however, is inconsistent with the spirit of the Federal Rules of Civil Procedure, which encourage early disclosure and supplementation where necessary. *See, e.g.*, Fed. R. Civ. P. 26(a)(1), (e) (requiring initial disclosures on, *inter alia*, damages as well as supplementation for disclosures under Rule 26(a)). Moreover, the Counties' suggestion that expert analysis is necessary before they can even attempt a damages analysis is unconvincing. Defendants have made a reasonably strong showing that the calculation is not overly complex, and the Counties have failed to address this point, both in their papers and at the hearing. Instead, the main concern of the Counties, as established at the hearing, was that they might be prejudiced if they submitted interrogatory responses now and then had to revise them once additional information was provided by Defendants or submit an expert report that differs. While the Court is not unsympathetic to this concern, it would expect that, if there were a substantial change in the calculation of damages, the Counties would have a basis for that change and that point could be presented to the trier of fact; thus, any potential prejudice is minimal at best. In any event, the Federal Rules contemplate an ongoing and fluid discovery process that need not await final exchange of expert reports.

Accordingly, the Court grants Bayer and Schering-Plough's motions to compel and orders the Counties to respond to the interrogatories no later than **September 15, 2009**.

///
///
///
///
///
///
///

4

## II. CONCLUSION

For the foregoing reasons, the motions to compel documents are granted in part and denied in part and the motions to compel interrogatory responses are granted.

This order disposes of Docket Nos. 384 and 391-93.

IT IS SO ORDERED.

Dated: September 3, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge