UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SANTA CLARA, *et al.*, | No. C-05-3740 WHA (EMC) |
| Plaintiffs, | |
| v. | **ORDER RE DEFENDANTS' LETTER OF OCTOBER 9, 2009; JOINT LETTER OF OCTOBER 13, 2009; AND PLAINTIFF'S LETTER OF OCTOBER 13, 2009** |
| ASTRA USA, INC., *et al.*, | |
| Defendants. | |
| | **(Docket Nos. 452, 454-55)** |

At issue are various discovery disputes involving Defendants and Santa Cruz. Those disputes are discussed in three letters that have been filed with the Court: Defendants' letter of October 9, 2009, *see* Docket No. 452; the parties' joint letter of October 13, 2009, *see* Docket No. 454; and Santa Cruz's letter of October 13, 2009. *See* Docket No. 455. A hearing was held on the disputes on October 14, 2009. This order memorializes the rulings made by the Court at the hearing.

A.  <u>Documents Reviewed by Ms. Khalsa to Prepare for 30(b)(6) Deposition</u>

Consistent with ¶ 21 of Judge Alsup's Supplemental Order, *see* Docket No. 50, all documents that Ms. Khalsa reviewed should be produced regardless of the dates of the documents and whether or not the documents relate to diversion, double dipping, or the breach-of-contract claim. The one exception is that privileged documents need not be produced; however, such documents should be identified in a privilege log. At the hearing, Defendants stated that they did not seek privileged documents.

B. Satellite Documentation

Santa Cruz shall produce the satellite documentation, including not only documents related to the transfer of drugs but also establishment of the satellites. Regarding the establishment of satellites, Defendants have made a sufficient showing of relevance for purposes of discovery. Furthermore, given the limited number of satellites, there is no undue burden on Santa Cruz to produce the documents.

C. Agreements and Related Documents

    1. Cardinal Health

Santa Cruz has represented that it has provided all documents it has with respect to Cardinal Health. Defendants agree that, in light of this representation, this dispute is moot unless Cardinal Health itself produces something (pursuant to a subpoena).

    2. Wellpartners and Westside

Documents with respect to Wellpartners and Westside (contract pharmacies) should be produced. Defendants have made a sufficient showing of relevance for purposes of discovery, particularly since they have proffered evidence suggesting that Santa Cruz may have billed Medi-Cal for fee-for-services prescriptions (not just at an all-inclusive rate). Furthermore, if these pharmacies see both 340B and non-340B patients, then diversion also becomes an issue.

    3. Certification and Recertification of Santa Cruz's STD and TB Clinics

Santa Cruz need not produce any documents. Defendants have not made any showing that the clinics are separate clinics instead of integrated clinics (as Ms. Khalsa testified).

D. Audit Documentation

The audit documentation should be produced, whether or not it directly refers to diversion or double dipping. The number of audits is not large and therefore there should be no undue burden on Santa Cruz to produce the documents.

E. Santa Cruz's Submissions to Medi-Cal

As noted above, Defendants have proffered evidence suggesting that Santa Cruz may have billed Medi-Cal for fee-for-services prescriptions. Therefore, the only issue remaining is whether documents from the relevant time frame exist. The Court orders the parties to meet and confer to

determine whether such documents exist. The meet and confer must involve not only counsel but also a knowledgeable client representative. If, as Santa Cruz claimed at the hearing, no documents exist, then it (not counsel) must submit a declaration testifying under oath to such. If documents do exist, then a representative sampling is permissible in order to alleviate an undue burden on Santa Cruz. The Court emphasizes that relevant documents would be not only the actual submissions to Medi-Cal but also, *e.g.*, documents summarizing the submissions to Medi-Cal or documents tracking the submissions to Medi-Cal. The Court presumes some such documentation exists in Santa Cruz's possession.

F.  Data Entry Fields

Santa Cruz has represented that it has produced all information that it has and that there are not other data entry fields that have been withheld. Defendants agreed that, based upon this representation, the issue is moot.

G.  Physicians' Names

Santa Cruz shall provide to Defendants copies of the nonredacted documents (*i.e.*, documents showing the physicians' names). At the hearing, Santa Cruz indicated that it was not adverse to giving Defendants this information. Santa Cruz stated that its main concern was whether Defendants intended to do follow-up discovery -- *e.g.*, getting additional information on or from the individual doctors -- which would be, in its opinion, burdensome and harassing. The Court did not rule on whether or not follow-up discovery would be allowed but did note to Defendants that they would need to make a meaningful showing that such discovery was needed.

H.  Scope of Continued 30(b)(6) Deposition

There shall be a continued 30(b)(6) deposition in light of the additional production of documents ordered by the Court. In advance of the deposition, the documents described above shall be produced by 12:00 noon, October 16, 2009. (Santa Cruz stated that it was prepared to produce the documents by this date.)

The scope of the deposition shall be limited to the newly produced documents and the approximately 300 documents produced during the middle of the 30(b)(6) deposition (including reasonable follow-up questions based on those documents).

I.  Rescheduling Deposition

Defendants indicated that, because they would not receive documents until October 16, 2009 (Friday), they would not be prepared to take the deposition currently noticed for October 19, 2009 (Monday). The Court orders the parties to meet and confer regarding rescheduling, bearing in mind that the discovery cut-off is October 30, 2009.

This order disposes of Docket Nos. 452, 454, and 455.

IT IS SO ORDERED.

Dated: October 14, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge