**United States District Court**

For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8    COUNTY OF SANTA CLARA, *et al.*,              No. C-05-3740 WHA (EMC)

9            Plaintiffs,

10        v.                                        **ORDER DENYING WITHOUT
                                                    PREJUDICE DEFENDANTS' MOTION
11   ASTRA USA, INC., *et al.*,                     TO COMPEL FURTHER RESPONSES
                                                    TO ROG NO. 1; REQUIRING FURTHER
12           Defendants.                            MEET AND CONFER RE PLAINTIFF'S
                                                    MOTION TO COMPEL PRODUCTION
13                                                  OF DEFENDANTS' PRICING DATA;
                                                    AND FINDING MOOT DEFENDANTS'
14                                                  MOTION TO COMPEL COMPLIANCE
                                                    WITH NOTICES OF DEPOSITION
15
                                                    (Docket Nos. 431, 434, 448)
16   _____/

17

18        Currently pending before the Court are three discovery motions.  Two of the motions may be

19   disposed of without the need for any hearing.  For the third motion, the Court orders the parties to

20   further meet and confer.

21                           **I.    DISCUSSION**

22   A.    Defendants' Motion to Compel Further Responses to Rog No. 1

23        Defendants have moved the Court to compel Plaintiffs to respond to their Rog No. 1, which

24   asks Plaintiffs to identify the alleged overcharges on which they base their claim.  This motion seeks

25   the same relief that this Court previously granted to other Defendants in the case, *i.e.*, Bayer and

26   Schering-Plough.  *See* Docket No. 424 (order, filed on 9/3/2009) (rejecting Plaintiffs' argument that

27   they should not have to respond to that interrogatory until after expert reports were due).

28

United States District Court
For the Northern District of California

1    After Defendants filed their motion, Judge Alsup held a case management conference and

2    subsequently issued an order modifying the schedule in the case. In that order, he granted Plaintiffs

3    a stay in discovery with respect to responding to Rog No. 1 for all non-Bayer Defendants. *See*

4    Docket No. 446 (Order ¶ 2). Accordingly, the Court denies Defendants' motion without prejudice.

5    Once the stay is lifted, then the parties should meet and confer to determine a date by which

6    responses should be due.

7    B.    Defendants' Motion to Compel Compliance with Notices of Deposition

8    This motion concerns whether or not Plaintiffs have to produce Narinder Singh for

9    deposition. Plaintiffs have filed a statement of nonopposition to Defendants' motion. Accordingly,

10   the motion is now moot. The parties should meet and confer to determine when the deposition

11   should take place. Given that the discovery cut-off is October 30, 2009, Defendants have leave to

12   take the deposition after the cut-off. However, the deposition should be scheduled for as soon after

13   October 30 as possible.

14   C.    Plaintiff's Motion to Compel Production of Defendants' Pricing Data

15   Both sides have taken extreme positions with respect to this discovery dispute. Accordingly,

16   the Court orders the parties to further meet and confer on the dispute, keeping in mind the following

17   guidance.

18   1.    Relevant Time Period

19   Defendants contend that the relevant time period is to 2001-2005. Plaintiff argues that the

20   relevant time period is 2000 to the present. Both parties' positions are problematic.

21   As to the proper start date, neither side has addressed the issue of the statute of limitations. It

22   appears that there is only a claim for breach of contract in this case. Claims for breach of contract

23   typically have a four-year statute of limitations. *See* Cal. Civ. Code § 337. Since this case was

24   initiated in 2005, that would seem to make 2001, and not 2000, the relevant start date.

25   As to the proper end date, Defendants' contention that it is 2005 is without merit. As

26   Plaintiffs note, although they referred specifically to overcharges during 2001-2005 in their

27   complaint, they also alleged that "Defendants breached, *and continue to breach*, their contractual

28   obligations under the PPA." Docket No. 284 (TAC ¶ 78) (emphasis added).

**United States District Court**
For the Northern District of California

2.    Labeler Codes

As a general matter, the Court rejects Defendants' contention that there should be no additional production of documents because Plaintiffs did not identify the new labeler codes until late in the day.  The record does not establish that Plaintiffs failed to act with diligence in identifying the labeler codes.

a.    Unrelated Entity

Some of the defendants say that the newly identified labeler codes belong to completely different entities, but Plaintiffs contest this assertion.  The parties should meet and confer to determine (1) whether these labeler codes do in fact belong to different entities and (2) if so, whether the defendants nevertheless might be held liable under 340(B).

b.    Subsidiary

Other defendants admit that the identified labeler codes belong to wholly owned subsidiaries but point out that those subsidiaries were never sued.  The parties should meet and confer to determine whether the operative complaint contains allegations making the parents liable for the subsidiaries.  If not, then, in order to obtain this discovery, Plaintiffs must articulate a theory of liability making the parents liable for the subsidiaries and have prima facie evidence to support that theory.  The parties should meet and confer to discuss Plaintiffs' theory of liability.

c.    Burden

Finally, still other defendants argue that the burden outweighs the benefit.  As noted above, the Court shall not bar the additional production of documents simply because Plaintiffs did not identify the new labeler codes until late September 2009.  However, the Court does not foreclose Defendants from making a burden argument pursuant to Federal Rule of Civil Procedure 26(b)(2).  If Defendants assert burden, however, they must be specific about what that burden is; furthermore, they must provide evidence to support that claim of burden.

## II.    CONCLUSION

For the foregoing reasons, Defendants' motion to compel further responses to Rog No. 1 is denied without prejudice, and Defendants' motion to compel compliance with notices of deposition is moot.  The parties are ordered to meet and confer on Plaintiffs' motion to compel consistent with

1  the above.  If the parties cannot resolve all matters through the meet and confer, then they shall file a

2  joint letter, no longer than five (5) single-spaced pages, identifying what the remaining disputes are

3  and providing the parties' respective positions on each.  The joint letter must be filed no later than

4  12:00 p.m. on November 2, 2009.

5          This order disposes of Docket Nos. 431 and 448.

6

7          IT IS SO ORDERED.

8

9  Dated:  October 28, 2009

10                                                    _____

11                                                    EDWARD M. CHEN
                                                      United States Magistrate Judge

**United States District Court**
For the Northern District of California

4