SIDLEY AUSTIN LLP
SAMUEL MILLER (SBN 66871)
smiller@sidley.com
555 California Street, Suite 200
San Francisco, CA 94104-1715
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

RICHARD D. RASKIN (admitted *pro hac vice*)
rraskin@sidley.com
SCOTT D. STEIN (admitted *pro hac vice*)
sstein@sidley.com
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

Attorneys for Defendant BAYER CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE COUNTY OF SANTA CLARA and THE COUNTY OF SANTA CRUZ,<br><br>              Plaintiffs,<br><br>     v.<br><br>BAYER CORPORATION<br><br>              Defendant. | Case No. C 05-03740 WHA<br><br>**STATEMENT OF BAYER CORPORATION ADDRESSING THE IMPACT OF THE NINTH CIRCUIT'S DECEMBER 9, 2009 OPINION**<br><br>DATE:           December 17, 2009<br>TIME:           11:00 a.m.<br>COURTROOM:  William H. Alsup |

STATEMENT OF BAYER CORPORATION ADDRESSING THE IMPACT OF THE NINTH CIRCUIT'S DECEMBER 9, 2009 OPINION

CH1 5109506V.1

Pursuant to the Court's December 10, 2009 Order, defendant Bayer Corporation ("Bayer") submits this statement addressing the impact of the Ninth Circuit's December 9, 2009 opinion on plaintiffs' case against Bayer. For the reasons set forth below, Bayer believes that the Ninth Circuit's opinion should not result in any change in the existing case management schedule. In particular, the Court should not re-open discovery as to plaintiffs' claim against Bayer, and should proceed to decide the parties' December 10 cross-motions for summary judgment. If the Court denies summary judgment, the trial of plaintiffs' claim against Bayer should proceed as scheduled on February 23, 2010.

**STATUS OF PLAINTIFFS' CASE AGAINST BAYER**

Bayer stands in a different procedural posture than other defendants. On May 5, 2009, the Court "effectively [ ] severed" plaintiffs' claim against Bayer "in order to give it priority for summary judgment and trial." 5/5/09 Order (Docket No. 364) at 13. The parties proceeded to take a substantial amount of fact discovery, including depositions and voluminous data and document productions, from the parties as well as third-parties. On October 30, 2009, fact discovery closed and further proceedings were stayed as to the other defendants.

However, pursuant to the Court's previous case management orders, plaintiffs produced, on October 30, an expert report concerning whether Bayer charged plaintiffs the proper ceiling prices. 10/5/09 Order (Docket No. 446) ¶¶ 3-4; 9/26/08 Order (Docket No. 236) ¶ 5-6. Bayer produced a responsive report on November 13, 2009, and plaintiffs produced a rebuttal report on November 20. *Id.*[1] The parties' experts were deposed on December 1, 3, and 4.

On December 10, Bayer filed a motion for summary judgment on plaintiffs' sole claim against Bayer for breach of the PPA. Plaintiffs filed their own motion for partial summary judgment on the issue of liability for breach. Oppositions to the motions for summary judgment

---

[1] On October 30, 2009, Bayer also produced an expert report concerning plaintiffs' non-compliance with their obligations under the 340B statute. Plaintiffs did not submit a response to that report.

-1- STATEMENT OF BAYER CORPORATION ADDRESSING THE IMPACT OF THE NINTH CIRCUIT'S DECEMBER 9, 2009 OPINION

CH1 5109506V.1

1  are due on December 24, 2009, and replies are due on December 31, 2009.  The motions are set to
2  be heard on January 14, 2010 at 8:00 a.m.  9/26/08 Order ¶ 10.
3        The final pretrial order, including oppositions to motions *in limine*, is due on
4  January 15, 2010.  The final pretrial conference is scheduled for January 25, 2010.  Trial of
5  plaintiffs' claim against Bayer scheduled to start on February 23, 2010.  9/26/09 Order ¶¶ 12-13.

6  **IMPACT OF THE NINTH CIRCUIT DECISION ON THE CASE AGAINST BAYER**

7        Bayer agrees with the views expressed by the other defendants in their separate
8  statement.  In addition, Bayer respectfully submits that the Ninth Circuit's decision should not
9  impact the status of plaintiffs' case against it for two reasons.
10        First, unlike plaintiffs' claims against the other defendants, discovery as to
11  plaintiffs' claims against Bayer (including expert discovery) has been completed.  Indeed,
12  plaintiffs and Bayer each have moved for summary judgment.
13        Second, plaintiffs' complaint provides no basis for re-opening discovery against
14  Bayer.  While plaintiffs broadly allege that certain other defendants miscalculated AMPs or Best
15  Prices (TAC ¶¶ 59-64), there are no such allegations made against Bayer.  Indeed, the only
16  allegation specific to Bayer is that it manufactures certain drugs.  *Id.* ¶ 19.  While the Ninth
17  Circuit's order modifies its earlier ruling to make clear that the plain language of the PPA does not
18  bar discovery of AMP and Best Price information, it does not authorize a wholesale fishing
19  expedition into Bayer's AMPs and Best Prices.  Absent any allegation that Bayer failed to
20  calculate its AMPs and Best Prices accurately, plaintiffs have no basis to seek discovery of this
21  type from Bayer.  *See, e.g.*, 5/17/06 Order Dismissing Second Amended Complaint (Docket No.
22  196) at 8 (noting that "[n]one of the [OIG reports] provides a reasonable basis for inferring that
23  any *particular* defendant engaged in the fraud alleged here."); *id.* at 9 (allegations of improper best
24  price reporting by certain defendants "cannot be imputed to all defendants.")
25        For the foregoing reasons, Bayer respectfully submits that the discovery cut-off as
26  to Bayer should not be extended or re-opened, and that plaintiffs' case against Bayer should
27  proceed on the current schedule.
28

-2- STATEMENT OF BAYER CORPORATION ADDRESSING THE IMPACT OF THE NINTH CIRCUIT'S DECEMBER 9, 2009 OPINION

CH1 5109506V.1

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 15, 2009 | SIDLEY AUSTIN LLP |
| 3 | | By: /s/ Scott D. Stein |
| 4 | | Samuel R. Miller |
| 5 | | 555 California Street, Suite 200 |
| | | San Francisco, CA 94104-1715 |
| 6 | | Telephone: 415.772.1200 |
| | | Facsimile: 415.772.7400 |
| 7 | | |
| 8 | | Richard D. Raskin (admitted *pro hac vice*) |
| | | Scott D. Stein (admitted *pro hac vice*) |
| 9 | | One South Dearborn Street |
| | | Chicago, IL 60603 |
| 10 | | Telephone: 312.853.7000 |
| | | Facsimile: 312.853.7036 |
| 11 | | |
| 12 | | *Attorneys for Defendant Bayer Corporation* |

-3- STATEMENT OF BAYER CORPORATION ADDRESSING THE IMPACT OF THE NINTH CIRCUIT'S DECEMBER 9, 2009 OPINION

CH1 5109506V.1

# **CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Cook County, Illinois. I am over the age of eighteen years and not a party to the within entitled action. My business address is One South Dearborn Street, Chicago, Illinois 60603.

I hereby certify that on December 15, 2009, I electronically filed the **Statement of Bayer Corporation Addressing The Impact Of The Ninth Circuit's December 9, 2009 Opinion** with the Clerk of the Court using the CM/ECF system, which will send notification to CM/ECF participants, and on December 15, 2009, I caused to be mailed the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated below.

> James P. Muehlberger
> Shook Hardy & Bacon
> 2555 Grand Blvd.
> Kansas City, MO 64108
>
> Miguel Marquez
> Office of the County Counsel
> 70 West Hedding Street
> 9th Floor, East Wing
> San Jose, CA 95110-1770

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of December, 2009 in Chicago, Illinois.

By: /s/ Scott D. Stein

CH1 5109506V.1