IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COUNTY OF SANTA CLARA and THE COUNTY OF SANTA CRUZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASTRA USA, INC.; ASTRAZENECA PHARMACEUTICALS LP; AVENTIS PHARMACEUTICALS, INC.; BAYER CORP.; BRISTOL-MYERS SQUIBB CO.; PFIZER, INC.; SCHERING-PLOUGH CORP.; SMITHKLINE BEECHAM CORP.; TAP PHARMACEUTICAL PRODUCTS, INC.; WYETH, INC.; WYETH PHARMACEUTICALS, INC.; ZENECA, INC.; ZLB BEHRING LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | No. C 05-03740 WHA<br><br>**ORDER SETTING SCHEDULE FOR ADDITIONAL DISCOVERY** |

In this action, plaintiffs County of Santa Clara and County of Santa Cruz allege that defendants charged them prices for drugs greater than price ceilings imposed by Section 340B of the Public Health Service Act of 1992 and contractual agreements thereunder. On December 9, 2009, the Ninth Circuit vacated this Court's order that had granted defendants a protective order precluding discovery by plaintiffs of the information underlying defendants' reported average manufacturer price ("AMP") and best price ("BP") for purposes of calculating the contractual price ceilings. The Ninth Circuit also withdrew its opinion of August 27, 2008, and

1  filed a superceding opinion which omitted the paragraph in the original opinion that had seemed
2  to limit plaintiffs' ability to challenge those calculations.

3        The Ninth Circuit specifically declined in its new superceding opinion to invoke primary
4  jurisdiction, which would have stayed or dismissed plaintiffs' claims without prejudice pending
5  referral to the Secretary of Health and Human Services for agency resolution.  The Ninth
6  Circuit left "open the possibility that the district court may decide after further factual
7  development that referral to the Secretary is appropriate."  Accordingly, discovery will be
8  reopened for the limited purpose of allowing plaintiffs to take discovery regarding the
9  information underlying defendant manufacturers' determination of the AMP and the BP.

10        On or before **JANUARY 7, 2010**, plaintiffs shall serve to each defendant document
11  requests and up to five interrogatories directed to the underlying data.  All Rule 26(a)
12  disclosures may be revised on or before **JANUARY 7, 2010.**  The parties must meet and confer
13  on the requests before **FEBRUARY 4, 2010**, and defendants' responses to these requests are due
14  by that date.  All objections to plaintiffs' discovery requests must be asserted no later than
15  **FEBRUARY 4, 2010**, or else be waived.  The grounds for all objections must be stated with
16  specificity.  Any motion to compel by plaintiffs must be brought on or before **FEBRUARY 25,**
17  **2010.**  Motions regarding these discovery requests should be noticed for hearing not less than 35
18  days after service pursuant to Civil Local Rule 7-2.

19        The trial currently scheduled to begin as to defendant Bayer on February 23, 2010, is
20  hereby **VACATED**.  The hearing on plaintiffs' and defendant Bayer's motions for summary
21  judgment scheduled for January 14, 2010, is likewise **VACATED**.  Ruling on these motions for
22  summary judgment is **DEFERRED**.  In the event that the Ninth Circuit grants a petition for
23  rehearing or rehearing *en banc*, this revised schedule may be revisited.

25      **IT IS SO ORDERED.**

27  Dated: December 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2