IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COUNTY OF SANTA CLARA, *et al.*, On Behalf of Themselves and All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRA USA, INC., *et al.*,<br><br>    Defendants.<br>_____/ | No. C 05-3740 WHA<br><br>**ORDER RE MERCK'S LATE DISCOVER DISCLOSURES** |

    After the deadline for production of Stage One discovery, defendant Merck disclosed for the first time that it would be unable to fully comply with its disclosures required by the March 19 order. In particular, Merck did not produce all responsive emails for the period of September 2002 to August 2004, which it explained was due to technical problems retrieving data from some of its backup tapes. At the June 15 hearing on whether an adverse inference sanction against Merck would be appropriate, Merck's counsel stated that he believed that Merck had been able to recover from alternate sources all of the relevant emails from custodians of interest. Because this representation was equivocal, Merck was ordered to submit a sworn certification — if true — that 100% of the relevant emails had been recovered.

    Merck has now submitted a sworn statement from its executive director responsible for IT functions, although the Court notes that this "certification" is itself equivocal. The Court will hold in abeyance the issue whether any adverse inference against Merck is warranted. This

will be sorted out at the pretrial conference. The discovery schedule shall remain the same as described in the previous order regarding discovery (Dkt. No. 605). When the parties submit their proposals for Stage Two discovery on June 28, their proposed schedules may account for Merck's late disclosures as to Merck and Merck only.

**IT IS SO ORDERED.**

Dated: June 23, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2