United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE COUNTY OF SANTA CLARA, on behalf of itself and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>ASTRA USA, INC., ASTRA ZENECA PHARMACEUTICALS LP, EVENTS PHARMACEUTICALS, INC., BAYER CORPORATION, BRISTOL-MYERS SQUIBB COMPANY, PFIZER, INC., SCHERING-PLOUGH CORPORATION TAP PHARMACEUTICAL PRODUCTS, INC., ZENECCA, INC., ZLB BEHRING LLC, SMITHKLINE BEECHAM CORPORATION, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXO SMITHKLINE, WYETH, INC., WYETH PHARMACEUTICALS, INC.,<br><br>    Defendants.<br>_____/ | No. C 05-03740 WHA<br><br>**ORDER CLARIFYING THIRD AMENDED CASE MANAGEMENT ORDER RE NON-PARTY SUBPOENAS** |

    Issued on July 9, 2010, the third amended case management order (Dkt. No. 667) is the operative scheduling order in this matter. Among other items, it stated that plaintiffs "could take document and deposition discovery from any two non-party large entities like Kaiser said by counsel to have likely obtained hidden concessions" (July 9 order at 2). The parties now seek clarification whether the order intended that plaintiffs be allowed to serve this non-party discovery on a *total* of two entities or on two entities *per defendant*. The intent and plain language of the order is that plaintiffs be limited to two non-party subpoenas (and accompanying document requests) in total, not two per defendant. As noted in the third amended case

1  management order, the document requests must be narrowly drawn to a small number of drugs
2  for a discrete time period and cannot be broad fishing expeditions.  Please do not use this
3  purported issue as an excuse to ask for a deadline extension.

5     **IT IS SO ORDERED.**

7  Dated:  August 3, 2010.

                                                 WILLIAM ALSUP
                                                 UNITED STATES DISTRICT JUDGE