**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE COUNTY OF SANTA CLARA, on behalf of itself and all others similarly situated,

    Plaintiffs,

  v.

ASTRA USA, INC., ASTRAZENECA PHARMACEUTICALS LP, AVENTIS PHARMACEUTICALS INC., BAYER CORPORATION, BRISTOL-MYERS SQUIBB COMPANY, PFIZER INC., SCHERING-PLOUGH CORPORATION, TAP PHARMACEUTICAL PRODUCTS INC., ZENECCA INC., ZLB BEHRING, LLC, SMITHKLINE BEECHAM CORPORATION, SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, WYETH, INC., WYETH PHARMACEUTICALS INC.,

    Defendants.

No. C 05-03740 WHA

**ORDER SUSTAINING DEFENDANT AVENTIS'S OBJECTION AND QUASHING PLAINTIFFS' PRODUCT DESIGNATION IN DISCOVERY**

    This order concerns a discovery objection, made by defendant Aventis Pharmaceuticals Inc. ("API"), to plaintiffs' designation of the drug Ambien pursuant to the third amended case management order (Dkt. No. 667). That order requires defendants to answer two court-ordered interrogatories concerning a "designated drug," a single drug selected by plaintiffs for each defendant. Plaintiffs selected Ambien as the designated drug for API. API objected to this designation on grounds that Ambien is not a product at issue in this case (Dkt. No. 685). Defendant's objection is **SUSTAINED**.

1  Plaintiffs filed this lawsuit in August 16, 2005, against, among others, API (Dkt. No. 1).
2  A first amended complaint was filed on January 9, 2006 (Dkt. No. 113), a second amended
3  complaint on February 28, 2006 (Dkt. No. 146), and a third amended complaint on December 23,
4  2008 (Dkt. No. 284). The third amended complaint called out specific drugs at issue that are
5  manufactured by API. The complaint did not call out Ambien in connection with API. Ambien
6  was only referenced in voluminous attachments to the complaint, but the voluminous
7  attachments did not accuse API of any wrongdoing with regard to Ambien.

Sanofi-Synthelabo Inc. manufactured Ambien prior to 2006. Sanofi-Synthelabo Inc. has never been a party to this lawsuit.

On December 31, 2005, a reorganization occurred in which API and Sanofi-Synthelabo Inc. transferred various assets to Sanofi-Aventis U.S. LLC including the right to manufacture drugs that the former two entities previously manufactured. The following diagram shows the restructuring:



Sanofi-Aventis U.S. LLC continued manufacturing operations that API previously conducted. But API continued on as a stand-alone company.

Despite the asset purchase, API has continued to meet all discovery obligations for the products it was responsible for all along. It was never responsible for Ambien. Plaintiffs will not be allowed to bring all products currently manufactured by Sanofi-Aventis U.S. LLC into this lawsuit simply because they sued a related entity, API.

When the original complaint was filed, there had not yet been any reorganization of API and its related entities. If the question now presented had arisen then, the answer would clearly have been that API did not hold title to the labeler code for Ambien. The answer should not change because after the complaint was filed two companies — including defendant API —

contributed assets to a third company and a non-party herein. API continues to exist and continues to meet its discovery obligations as to the labels it once held.

Magistrate Judge Edward Chen addressed this issue in an order filed on November 6, 2009 (Dkt. No. 511). At that time the parties disputed whether plaintiffs could seek discovery concerning pricing information for products with certain labeler codes for which title is held by an entity related to the relevant defendant, such as a parent or subsidiary entity, but not the defendant itself. The order holds that the products at issue for discovery are those that a federal government agency website lists as manufactured by the defendants. Ambien's labeler code is 00024. The Health Resources and Services Administration website lists Sanofi-Aventis U.S. LLC as the manufacturer for the 00024 labeler code. No appeal was taken from that order. A year has gone by and plaintiffs designated Ambien in an effort to re-raise this issue. Judge Chen's order will stand.

As an exhibit to their response to defendant's objection, plaintiffs submitted an SEC filing in an effort to show that API ceased to exist after it merged into Sanofi-Aventis in 2004. It is now clear that this SEC filing had nothing to do with API and Sanofi-Aventis U.S. LLC — it concerned related French entities with similar names.

Plaintiffs argue that the Court should allow them to amend the complaint to add Sanofi-Aventis U.S. LLC as a defendant. This order will not reach that issue because it is not properly presented in the current objection; plaintiffs may file a proper motion if they so choose.

Plaintiffs' designation of Ambien as the drug about which defendant API has to propound discovery is **QUASHED**. Plaintiffs may designate one of the following drugs, in keeping with Judge Chen's order and as stated in the third amended complaint: Allegra, Arava, DDAVP, Lantus, Lovenox, or Taxotere. Plaintiffs have until **SEPTEMBER 9, 2010** to make an alternative designation. Defendant API must then answer the court-ordered interrogatories as specified in the third amended case management order for that designated drug by **OCTOBER 1, 2010**. All

3

Stage Two discovery between plaintiffs and defendant API must be completed by **OCTOBER 29, 2010**. This order does not affect any other dates in the third amended case management order.

**IT IS SO ORDERED.**

Dated: September 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4