IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE COUNTY OF SANTA CLARA, *et al.*,
on behalf of themselves and all others
similarly situated,

    Plaintiffs,

  v.

ASTRA USA, INC., *et al.*,

    Defendants.
                                       /

No. C 05-03740 WHA

**ORDER DENYING PLAINTIFF SANTA CRUZ COUNTY'S MOTION TO ALLOW DISCLOSURE OF DISCOVERY PRODUCED IN THIS ACTION TO THE GOVERNMENT FOR USE IN FALSE CLAIMS ACT ACTION**

**INTRODUCTION**

Now that the Supreme Court has held that plaintiffs lack standing to proceed with this action, plaintiff Santa Cruz County seeks to modify the protective order herein to allow it to use the discovery to fuel a lawsuit under the False Claims Act, 31 U.S.C. 3729 *et seq.* The motion is **DENIED**.

**STATEMENT**

The background of this action is set forth in many prior orders (*see, e.g.*, Dkt. Nos. 269, 364, 605). In brief, plaintiffs are operators of several 340B entities — health-care facilities to which drug manufacturers sell drugs at price ceilings pursuant to Section 340B of the Public Health Services Act, 42 U.S.C. 256b. Plaintiffs sued the defendant pharmaceutical companies alleging that they had overcharged 340B health-care facilities in violation of pharmaceutical pricing agreements between the companies and the Department of Health and Human Services. The suit was a proposed class action on behalf of both 340B entities in California and the

counties that fund those entities. Asserting that those entities were intended third-party beneficiaries of the pharmaceutical pricing agreements, plaintiffs sought damages for breach of contract.

An order by the undersigned judge dismissed the complaint because the pharmaceutical pricing agreements confer no enforceable rights on 340B entities. The court of appeals reversed, holding that covered entities, though they have no right to sue under the statute, could maintain the action as third-party beneficiaries of the pharmaceutical pricing agreements. 588 F.3d 1237 (2009). The United States Supreme Court held unanimously that "suits by 340B entities to enforce ceiling-price contracts running between drug manufacturers and the Secretary of [the Department of Health and Human Services] are incompatible with the statutory regime," thus reversing the decision of the court of appeals. 131 S.Ct. 1342, 1345 (2011). The mandate has not yet returned. Once it does, this case will be closed.

Preceding the original dismissal of this action by the undersigned judge in 2006, an order approved a stipulated protective order (Dkt. No. 195). Substantial discovery was conducted and documents produced subject to the protective order. Plaintiff Santa Cruz County now moves "for an order modifying the Protective Order permitting the disclosure of evidence produced in this action to the government for us[e] in connection[] with the filing of an action (or actions) under seal."

**ANALYSIS**

Plaintiff's motion states: "As a result of having obtained and reviewed the discovery, . . . plaintiff now has information in its possession that shows that some of the defendants, with respect to some drugs, have submitted claims to the federal government that are in violation of controlling contracts and regulations" (Br. 7). Though not explicitly so limited, it appears from plaintiff's motion that plaintiff intends — should its motion be granted — to file a False Claims Act suit against defendants herein, alleging the same violations of law that the Supreme Court has held plaintiff lacks standing to bring via its breach-of-contract claim.

Our court of appeals "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation. . . . Nonetheless, a court should not grant a collateral

litigant's request for such modification automatically." Modification of a protective order requires consideration of the following: *First*, a court must consider whether "reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy." *Second*, plaintiff "must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." *Third*, the court "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131–33 (9th Cir. 2003).

The *Foltz* decision concerned a motion by third-party intervenors who sought access to documents to use them in collateral lawsuits involving similar claims to those made in the *Foltz* litigation. There, unlike here, the documents were not improperly in the hands of the moving party to begin with. No showing has been made as to the relevance of the protected discovery and how it would demonstrate a false claim made to the government.

The United States is the real party in interest in all False Claims Act actions. The United States is already well aware of this lawsuit and its contentions of over-billing. Indeed, this lawsuit was originally provoked by press reports of government investigations into that subject. There is little need for plaintiff to sue on behalf of the United States, for the United States is already in a position to do so if it believes such an action is warranted. Note as well that, although the United States participated as an amicus at several stages in this case, the United States has not joined in the instant request.

Moreover, the Department of Health and Human Services has administrative procedures that can be invoked by plaintiff to investigate over-charging. *See* 42 U.S.C. 256b(d)(3)(B)(iii) ("a covered entity may discover and obtain such information and documents from manufacturers and third parties as may be relevant to demonstrate the merits of a claim that charges for a manufacturer's product have exceeded the applicable ceiling price under this section, and may submit such documents and information to the administrative official or body responsible for adjudicating such claim"). Plaintiff has not requested that the discovery be allowed for use in such a proceeding.

3

On the other side of the ledger, the defendants were compelled herein to produce millions of pages of documents — over vehement objections. Inasmuch as defendants have now been vindicated by the United States Supreme Court in their original objections, the documents at issue are documents that plaintiff never should have had in the first place. It would further compound that wrong to let plaintiff use the same materials to fuel yet another lawsuit under the False Claims Act. The fair course is to restore the parties to the status quo ante this lawsuit and to let the United States bring its own False Claims Act action.

## CONCLUSION

For the foregoing reasons, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 20, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE